## ORANGE COUNTY.

### March Term, 1840.

——

Present, Hon. CHARLES K. WILLIAMS, *Chief Justice.*
       "   STEPHEN ROYCE,
       "   JACOB COLLAMER;   *Assistant Justices.*
       "   ISAAC F. REDFIELD,

——

### Stephen Smith *v.* Daniel Crane.

A justice of the peace cannot render a judgment of nonsuit against a plaintiff, when he appears, without his consent.

Where a justice, on a hearing of the evidence in a cause, rendered a judgment of nonsuit against the plaintiff:—Held, that it was a judgment on the merits from which the plaintiff might appeal.

This was an action of *assumpsit*, commenced before a justice of the peace, and appealed to the county court. The record of the justice was as follows :—

State of Vermont, Orange county, ss. :—

"Be it remembered that at a justice court, holden at Ches-"ter, in said county, on the 21st day of November, A. D. "1839, before John W. Smith, justice of the peace, within and "for said county, Daniel Crane, of said Chester, was attach-"ed to answer unto Stephen Smith of said Chelsea in a plea "of the case, as per declaration on file appears. Whereup-

" on, after hearing the evidence adduced on the part of the
" plaintiff, the said court, on motion of the defendant's coun-
" sel, L. B. Vilas, ordered that said plaintiff become nonsuit,
" on the ground that the evidence, adduced on the part of
" the plaintiff, did not meet the declaration. The court there-
" upon ordered and adjudged, that said plaintiff become non-
" suit, and that defendant recover his cost, taxed and allow-
" ed at $12,31.

. " And now, within two hours after said decision of the
" court, comes the plaintiff, by his attorney, William Hebard,
" and prays an appeal from the decision of said justice to the
" county court, next to be holden at Chelsea, within and for
" the said county of Orange, on the third Tuesday of De-
" cember next. Which is granted him."

The county court, on motion of the defendant, dismissed
the action, on the ground that there was, by statute, no ap-
peal allowable from the judgment of a justice of the peace,
rendered on a nonsuit ;—to which the plaintiff excepted.

*Wm. Hebard*, for plaintiff.

The plaintiff insists that this suit ought not to be dismiss-
ed, because,

I. It appears by the record of the proceedings before the
justice, that the judgment then rendered was in fact a judg-
ment in chief upon the merits, and if so, calling it a " *non-
suit*," would not and could not alter the nature and char-
acter of the judgment.

II. Because the justice, by granting the appeal, has treated
the proceedings as a trial and judgment upon the merits,
and not in the nature of a *nonsuit*.

III. Because, when the parties appear and take a trial
upon the merits, the court, by the statute, has no power to
decide that the plaintiff shall become *nonsuit*, and thus send
the parties out of court, against the plaintiff's will, as the
statute has otherwise provided that the plaintiff may appeal
if his proof shall be considered insufficient. *French* v.
*Smith et al.* 4 Vt. R. 363. *Doe* v. *Grimes*, 1 Peters' S. C.
R. 469. *DeWolf* v. *Raleand*, id. 476. *Perley* v. *Lit-
tle*, 3 Greenleaf's R. 97. *Watkins* v. *Towns, et al.* 2 Term
Rep. 275.

IV. Because what is meant by the statute by a "*non-*

suit," is when the plaintiff does not appear and answer to his suit when called, and has the same meaning and application to the plaintiff, that a " default" has to the defendant. 1 Vol. Com. Laws, p. 125. 3 Black. Com. 376. 1 Swift's Dig. 594.

When the parties both appear and join issue, and take a trial upon the merits, if the defendant's proof shall be insufficient to constitute a defence, the court may as well order him to be " defaulted," against his consent as to order the plaintiff to be " nonsuited."

V. The common law meaning and definition of a " nonsuit," is a " mere neglect or default of the plaintiff," to attend and prosecute his suit, or a voluntary withdrawal from his suit after appearance. 3 Black. Com. 296, 316, 357, 376. 3 Bac. Ab. 678.

Does it appear by the record in that case, that the plaintiff neglected to appear and prosecute his suit ? Does it appear that he withdrew from his suit, and abandoned it, after having appeared ? The facts are all the other way. He did appear and prosecute his suit. He did not withdraw himself from, but resisted, and protested against the judgment that was rendered. The proceedings therefore possess none of the requistes of a " nonsuit."

VI. A further reason, why this appeal should not be dismissed is found in the fact, that if the plaintiff had not appealed, the judgment then rendered would be a bar to another suit for the same cause of action. It would become " res adjudicata." Barney v. Goff & Cady, 1 Chip. R. 304. Allen v. Huntington et al. 2 Aik. R. 249. Dixon v. Sinclair, 4 Vt. R. 354. Gates v. Gorham, 5 Vt. R. 317. Noyes v. Evans, 6 Vt. R. 628. Evarts v. Gove, 10 Vt. R. 161.

L. B. Vilas, for defendant.

It is enacted by the legislature, on the 125th page of Slade's compilation of Vt. statutes, that no appeal shall in any case be allowed if the judgment were rendered by nonsuit or default. Was this judgment rendered by nonsuit ? The record so declared. Had the justice the right so to render judgment ? Most clearly the very statute cited admits it. It is immaterial on what ground or for what cause the justice rendered a judgment by nonsuit. If he did render

such a judgment the legislature have declared that from such a judgment ' no appeal shall in any case be allowed.'

To sustain this appeal must in direct terms repeal the statute.

Perhaps this court might have rendered a different judgment had they been in the place of the justice, but the law has conferred the power on the justice, and it is immaterial whether the justice has erred or not. Suppose the justice had ordered a nonsuit for neglect of the plaintiff to enter bail. Could the plaintiff have legally appealed from the decision ? It is a common practice for courts to order a nonsuit. 5 Dane's Dig. 676.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The question in this case arises on a motion to dismiss an appeal. The justice allowed the appeal and the county court dismissed it, on the ground that no appeal could be allowed where the judgment rendered was on a nonsuit.

The statute does not admit an appeal to be taken from the judgment of a justice of the peace, rendered on nonsuit or default, and obviously has reference to a case where the party fails to appear, and not to one where there is an appearance on both sides and a trial and judgment had on the merits of the case. A nonsuit is a neglect of the plaintiff to appear and prosecute his suit, or a voluntary withdrawal from the suit, after appearance. The form of entering it is, that the plaintiff, having been called, fails to appear, and there is no form of the record of a judgment in which the court adjudge that " the plaintiff become nonsuit." It is never ordered in England against the will of the plaintiff. When he fails to make out a case the court direct him to be called and it is usual to submit, in such a case, to a nonsuit with liberty to move to set it aside ; but if the plaintiff thinks proper to answer when he is called, he may do so and insist upon the matter being left to a jury. In that case the jury must give in their verdict, and, if the court direct a verdict, a new trial may be moved for.

A judgment, as in case of a nonsuit, if plaintiff neglects to bring his cause to trial, is authorized by statute in the English courts, and also here, when the party neglects to

produce books and writings in pursuance of a rule of court. Stat. p. 76.   57 sec, of Jud. Act.

It appears, in this case, that the plaintiff did not submit to be nonsuited, nor did he withdraw from court, but the court, on a hearing, ordered and adjudged him to be nonsuit and rendered judgment for the defendant to recover his cost.   This was a judgment upon the merits, on a hearing, and its character cannot be changed by being called a judgment of nonsuit.

We cannot consider this such a judgment by nonsuit as was contemplated in the statute, but a judgment on the merits, rendered by the justice, from which the party was entitled to appeal. The appeal was, therefore, properly granted and the judgment of the county conrt, dismissing it, must be reversed and the cause remanded to that court.