## WRIGHT et. al. v. PHILLIPS.

A motion for a nonsuit, on the ground of plaintiff's failure to appear, will not be granted, if plaintiff appears before the motion is decided.

Surveys made by the general government are public, and within the judicial knowledge of courts.

A justice of the peace may determine what townships are within his jurisdiction *ex-officio.*

A substantial compliance with the statute, conferring and regulating the powers of justices of the peace, is all that should be required.

In an action of forcible entry and detainer, the jurisdiction of a justice is coextensive with the county.

A verdict defective in form, may be corrected by request or consent of the jurors at any time before they are dismissed, and the verdict is recorded.

In a case taken to the district court by *certiorari* an affirmance or a new judgment may be rendered "as the right of the matter may appear."

### Error to Lee District Court.

*Opinion by* GREENE, J.   An action of forcible entry and detainer, commenced by John Phillips against Mitchell D. Wright and O. Gentry.  It appears by the transcript that the summons was served upon the defendants and made returnable Dec. 22, 1848, at 10 o'clock; A. M. At the time appointed, the defendants appeared and mov-

ed for a nonsuit, on the ground that the hour of trial had passed. This motion was overruled, and thereupon the defendants moved to dismiss the suit, alleging for cause that the complaint did not show that the premises sued for, were within the township and county, within which, suit was brought. This motion was also overruled. The cause was then submitted to a jury, who returned a verdict in these words: " We the jury find for the plaintiff." This verdict was signed by all the jurors; but upon suggestion of the justice, it was put in the form provided by statute, and then signed by the foreman.

The case was taken to the district court, by writ of *certiorari* and tried upon the errors assigned to the proceedings of the justice. In the district court it was decided in affirmance of the judgment of the justice, that the defendants unlawfully detained the premises of the plaintiff, as alleged in his complaint, and that restitution of the property should be made. The judgment contains a particular description of the land, in directing immediate possession thereof, to be restored to the plaintiff. To these proceedings various objections have been urged in this court. 1. It is alleged that the court below erred in not reversing the judgment of the justice for the errors assigned on *certiorari.* It is contended, that the justice should have granted a nonsuit on the application of the defendants. Upon this point we are informed by the returns of the justice, that "on the day of trial after the hour of eleven o'clock, the defendants appeared and asked for a nonsuit, which motion was still pending, when the plaintiff appeared by his attorney." With the appearance of the plaintiff, the reason for the motion was removed and it was very properly overruled. It is provided by statute that· "if the plaintiff does not appear by himself, or agent, on the day of trial, he shall be nonsuited, and judgment entered against him for the costs." *Rev. Stat.* 347, §13. But the plaintiff did appear, and that too, before a decision of the motion was made. Under such circumstances

it would have been irregular to order a nonsuit. *Smith* v. *Crane*, 12 Vt. 487.

It is also contended, that the justice erroneously overruled the motion made against the sufficiency of the complaint, on the assumption that it contained no allegation that the premises lay in the township for which the justice was elected. The complaint is introduced by the following words: "Before L. B. Fleak a justice of the peace in, and for, Jackson township, Lee county, Iowa." In the body of the complaint, the land is described as being "in said county, and known as the east half of the south west quarter, of section twenty-four, township sixty-five, range five west." We think the venue is sufficiently averred in the complaint, even if the jurisdiction of justices in such cases, was limited to their respective townships. It virtually alleges the land to be in Lee county, and describes it by U. S. government surveys. These surveys are public and within the judicial knowledge of all our courts. That township sixty-five, in range five west, is within Jackson township, in Lee county, is a matter which a justice of the peace of that county, might well determine *ex officio.* It must be presumed that he knows the territorial extent of his own jurisdiction, and the lands therein, as designated by the public surveys. Under this view, we assume that the complaint is sufficient, even if tested by the technical rule, that the pleadings before inferior tribunals must show jurisdiction. But this rule is greatly relaxed in its application to justices of the peace. Their proceedings must necessarily be regarded with more indulgence and liberality. Nothing more should be required of them, than a substantial compliance with the statute, conferring and regulating their powers. The complaint in this case, comes within the regulations of the act. *Rev. Stat.* 345, § 6.

There is a still stronger reason why the motion in question should not have prevailed. It is expressly provided by statute, that "the jurisdiction of justices of the peace shall be co-extensive with their respective counties." *Rev.*

*Stat.*, 312, §16. There is another section it is true, requiring every action to be brought before a justice of the township wherein the defendant resides, or wherein the plaintiff resides and the defendant may be found. Rev. Stat. 314, §31. To this limitation however, there are several exceptions, even in the three sections immediately following the one in which the limitation is established; and on page 345, §5, actions of forcible entry and detainer, and of unlawful detainer, "are made cognizable before any justice of the peace of the county in which the offences may be committed." The section last referred to, applies exclusively to actions of forcible entry and detainer, and unlawful detainer, and makes those actions an exception to the township restraint, enacted in the preceding sections, by expressly providing that any justice of the peace in the county, shall have cognizance of such actions. The jurisdiction of justices being co-extensive with the county in this proceeding, and the complaint designating the premises as being within the appropriate county, it averred in that particular, all that was necessary.

The next objection is in relation to the verdict. It appears that it was not returned in the form provided by law. The justice informed the jurors of the fact, and they then requested him to write one in due form. He did so, and it was signed by their foreman. Though corrected in form, it was not changed in substance; nor was it even corrected without the consent of the jury. Upon this point, the amended return of the justice shows, that when the jurors returned with their verdict, he informed them that it was not in proper form, and therefore they requested him to draw up such a verdict as the case required. The amended verdict was prepared at the request of the jurors, and by the signature of their foreman, was virtually adopted by them, and thus became as much their verdict, as if it had been written by one of their own number. The proceeding was proper. It was the duty of the justice, to advise the jurors in relation to the forms provided by law; to admonish them of any apparent defects, and direct their

correction. If this duty could be more generally performed by justices, much less irregularity, injustice and delay would result from their proceedings.

It is not an unusual practice, for courts to direct imperfect verdicts to be corrected. They are not final until pronounced in open court, and entered upon its record or docket. Corrections and alterations may be made by the jurors, at any time before they are dismissed, and before their verdict is recorded. *Root* v. *Sherwood*, 6 John. 68; *Blackley* v. *Sheldon*, 7 *ib.* 32; *The State* v. *Underwood*, 2 Ala. 744; *Ward* v. *Bailey*, 10 Shep. 316; *Tarlton* v. *Briscoe*, 1 A. K. Marsh. 67.

By many courts it has been determined, that any informality in a verdict may be corrected even after the jury are discharged. In *Foster* v. *Caldwell*, 18 Vt. (3 Washb.) 176, upon an issue in assumpsit a verdict of "guilty" was returned, and after the jury were discharged the court permitted the verdict to be amended, by striking out the word "guilty," and inserting " did assume and promise." This in the supreme court of that state, was held to be correct. If such an alteration may be correctly made after the jury are dispersed, the propriety of the amended verdict in the present case, cannot be questioned. It is not a more material departure from the original return, and it appears besides, to have been made by the direction and consent of the jury, before they were discharged.

In our territorial supreme court, it was decided, that though a verdict cannot be changed in meaning, it may be altered in form, without the consent of the jury, even after they have separated. *Gordon* v. *Higley*, Morris 18.

We conclude then, that the district court did not err in refusing to reverse the judgment of the justice, for the errors urged on *certiorari*.

2. The second error assigned in this court is, that the court below rendered an original judgment instead of affirming that of the justice. The power of the district court over judgments of justices, is not confined to a mere affirmance or reversal of their decisions; but a decision

is to be given "as the right of the matter may appear."
It "may affirm or reverse the judgment in whole or in
part, and may issue executions as in other judgments ren-
dered before said court." *Rev. Stat.*, 337, §5. The judg-
ment of the district court is virtually an affirmance of the
proceedings, according to "the right of the matter," as it
appeared of record. It in no way conflicted with the ver-
dict and judgment of the justice; but in pursuance of them,
a more formal and specific judgment was rendered, which
might be enforced, and from which a writ of restitution
and execution might issue. This we think, was done with-
in the legitimate authority of the court, and within the
letter of the statute.

Judgment affirmed.

*J. C. Hall*, for plaintiffs in error.

*L. R. Reeves*, for defendant.