May Term,
1839.

BOOE
v.
DAVIS.

BOOE *v.* DAVIS and Another.

The Court has no authority to nonsuit a plaintiff against his consent.

ERROR to the *Fayette* Circuit Court.

Saturday,
May 25.

SULLIVAN, J.— Trespass for breaking and entering the plaintiff's close. Pleas, not guilty and *liberum tenementum.* The issues were submitted to a jury for trial. After the plaintiff had closed his testimony, the defendants moved the Court to nonsuit the plaintiff. The plaintiff objected, but the Court directed the nonsuit to be entered. The bill of exceptions states, " that the defendants having introduced no testimony, moved the Court to nonsuit the plaintiff, to which the plaintiff objected, but the Court overruled his objection and nonsuited him; to which opinion, &c. the plaintiff excepts."

The only point for the consideration of the Court is, whether the Circuit Court had the power to nonsuit the plaintiff, on the trial, against his consent.

In *England*, the law is well settled, that no person is compellable to be nonsuited. 2d Tidd's Pr. 789.—*Watkins* v. *Towers et al.* 2 T. R. 275.—*Dewer* v. *Purday*, 4 Nev. & Mann. 633. *Chitty* in his Gen. Practice, 3d vol. 910, says, " a nonsuit must always be *voluntary*, that is, by the plaintiff's counsel submitting to the same or not appearing, and in no case can it be adverse or without implied consent." Consent is implied if the plaintiff withdraws himself, or, *on being called*, fails to answer. 3 Bl. Comm. 376. In the *United States* the practice is not uniform. In some of the States, countenance is given to the practice of nonsuiting the plaintiff against his consent. In others, the *English* practice has been adopted and invariably pursued. In the Supreme Court of the *United States*, it has been so repeat-

May Term, 1839.

edly decided that the Circuit Courts have no authority to order a peremptory nonsuit, against the will of the plaintiff, that the point, in that Court, is said to be no longer open for controversy. *Doe d. Elmore* v. *Grymes*, 1 Pet. 469.— *D'Wolf* v. *Rabaud et al.* Ib. 497.—*Crane* v. *Lessee of Morris*, &c. 6 Pet. 609.

We see no sufficient reason for departing from the ancient practice. The plaintiff has a right to have every question of fact in his case tried by a jury; and to nonsuit him on the trial, against his consent, would be an infringement of that right.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*C. H. Test*, for the plaintiff.

*C. B. Smith* and *S. W. Parker*, for the defendants.

