## WILEY *v.* SHOEMAK.

If evidence is adduced which tends even remotely, to prove facts, which if established, would support the action, a nonsuit should not be granted.

If a verdict for the plaintiff, would be clearly against the weight and legal effect of the evidence, a nonsuit may be ordered.

A motion to nonsuit plaintiff after evidence is submitted, is in the nature of a demurrer to evidence.

A nonsuit should not be granted without the consent of plaintiff, unless the evidence is entirely irrelevant, or has no bearing upon a material point, without proof of which, a verdict could not be supported.

After a note for a certain sum, payable in flour, is due, it becomes a cash note, and a demand of payment is not necessary.

### *Error to Jefferson District Court.*

*Opinion by* GREENE, J. This case was taken by appeal from a justice of the peace to the district court. On the trial in that court, a promissory note made by Abner Wiley, and payable to John Shoemak in flour, at the Fair-

field prices, was read in evidence. The plaintiff proved, that he demanded the flour about the time suit was commenced, and rested his case; and thereupon, the defendant moved to nonsuit the plaintiff, which the court refused. Verdict and judgment for the plaintiff.

Two questions are submitted to our determination.

1. Did the court err in overruling the motion to nonsuit the plaintiff?

To this we give an unqualified answer in the negative. Even assuming the supposition, that the plaintiff had not adduced sufficient evidence to make out his case conclusively, it would still have been improper to grant the motion, and thus preclude the action of the jury upon the question at issue. The sufficiency of the testimony, in proving the demand could only be passed upon legitimately by the jury; and the legal effect of such proof, would come properly under the determination of the court. *Wilkinson* v. *Scott.* 17 Mass. 249. This rule must especially obtain under the statute of our state, as shown by former decisions of this court. And it is a doctrine, that should be recognized wherever the right of trial by jury is held sacred, that when the evidence tends although remotely, to show facts, which if established would support the action, a nonsuit ought not to be ordered, but the case should be submitted to the jury. This is conceded even in Maine, where arbitrary nonsuits, *per curiam*, appear to be most in vogue. *Foster* v. *Dixfield*, 6 Shep. 380. On this point, s,e also *Barlow* v. *Brands*, 3 Green N. J. 248; *Adams* v. *Tiernan*, 5 Dana 394; *Taylor* v. *White*, 2 Monr. 94; *Davis* v. *Hoxey*, 1 Scam. 406. But if a verdict for the plaintiff would be against the clear weight and effect of the evidence, a nonsuit may be ordered. *Rudd* v. *Davis*, 7 Hill 529; 3 *ib.* 287. This must necessarily follow from the character of the motion to nonsuit the plaintiff. It is like a demurrer to evidence, and admits all the facts to be proved, upon which the evidence bears. If all the facts adverted to by the proof, are not sufficient to sustain the action at law, a nonsuit could properly b&sim;   ded ? , the court.

*Gregory* v. *Nesbit*, 5 Dana 419; *Curle* v. *Beers*, 3 J. J. Marsh. 170. In the present case, it is conceded, that the only fact requiring proof was the demand, and that at least could be rationally inferred from the evidence; hence the court acted properly in refusing the nonsuit.

Again, it is a well recognized rule of law, that a nonsuit cannot be ordered by the court, without the consent of the plaintiff. *De Wolfe* v. *Raband*, 1 Pet. 447; *Dove* v. *Grymes*, *ib.* 469; *Crane* v. *Morris*, 6 *ib.* 598; *Mitchell* v. *New England Marine Insurance Company*, 6 Pick. 117; *Hunt* v. *Stewart*, 7 Ala. 525; *Martin* v. *Webb*, 5 Pike 72; *St. Louis Floating Dock Ins. Co.*, 8 Mo. 625; *Wells* v. *Goty*, *ib.* 681; *Smith* v. *Crane*, 12 Vt. 487; *Booe* v. *Davis*, 5 Blackf. 115; *Irving* v. *Sargent*, 1 S. & R. 360; *Rogers* v. *Madden*, 2 Bailey 321. This we deem the safest practice; still it is not unusual for courts to entertain the power of ordering a nonsuit, regardless of plaintiff's acquiescence, when the evidence is entirely irrelevant, and has no legitimate bearing upon the issue or upon a material point, without proof of which, a verdict could not be supported. *Clason* v. *Bird*, 2 Brev. S. C. 370; *Pratt* v. *Hull*, 13 Johns. 334; *Foot* v. *Sabin*, 19 *ib.* 159; *Heally* v. *Utley*, 1 Cowen, 353. But even in these cases, it is conceded, that if any fact is in dispute or doubt, the matter should abide the verdict of a jury. It is only when there is an entire failure of evidence to establish any one essential averment, that the court should direct the plaintiff to be nonsuited. 1 Starkie's Ev. 400.

2. Was a demand of the flour necessary at law? Clearly not. The note was made payable one day after date, in flour. When due, it became to the holder the same as a cash note, possessing like negotiable qualities, and subject to like liabilities and remedies.

In *Church* v. *Feterow*, 2 Penn. 301, it was held that when a note is given for the payment of a certain sum, in furniture or other specific articles within a stated time, the payer has an election to satisfy the note in such specific articles or in money, until the day of payment, but after

that day is past, his election is gone, and the payee's right to demand money becomes absolute. So also in *Stewart* v. *Donelly*, 4 Yerg. 177; *Saunders* v. *Richardson*, 2 Sm. & Marsh. 90; *Orr* v. *Williams*, 5 Humph. 423; *Lawrence* v. *Dougherty* 5 Yerg. 435; *Miller* v. *M'Clain*, 10 ib. 245; *Vanhooser* v. *Logan*, 3 Scam. 389; *Plowman* v. *Riddle*, 7 Ala. 775. And in New York it has been decided, that a note for a certain sum payable in property, may be given in evidence under the money counts. *Smith* v. *Smith*, 2 John. 235.

In the case at bar, the note had been some time due before suit was commenced, and thereupon became payable in cash; a demand of the flour was not necessary to enable the holder to recover. It was held in *Elkins* v. *Parkhurst*, 17 Vt. 105, that when a note is payable in specific articles on a day certain, no demand is necessary before bringing suit.

Thus viewing these authorities, and not regarding the case of *Wyatt* v. *Bailey*, Morris 396, as analagous, we can see no error in the proceeding below.

Judgment affirmed.

*Slagle & Achison*, for plaintiff in error.

*Charles Negus*, for defendant.