WILLIAMS
v.
PORT.

---

## WILLIAMS *v.* PORT.

Under our practice, the Court cannot order an involuntary nonsuit, under any circumstances.

When a judgment is reversed and the cause remanded for trial, the cause stands upon the docket of the lower Court for trial at the next term, if filed in time; and if not filed in time, it stands continued by operation of law.

If the complaint, in such case, is defective, the defendant should withdraw his answer and demur: he cannot move to dismiss, or to strike out a pleading for technical defect.

APPEAL from the *Fayette* Circuit Court. <span>*Wednesday, December 9.*</span>

STUART, J.—This cause was here on appeal between the same parties at the *May* term, 1855. The judgment in favor of *Williams* was reversed and the cause remanded. *Port* v. *Williams*, 6 Ind. R. 219.

At the fall term, 1855, of the *Fayette* Circuit Court, *Port* filed a motion in writing to dismiss the cause, as in case of a nonsuit. This motion the Court sustained, and the cause was dismissed. The appellant, *Williams*, filed a bill of exceptions, &c., and now appeals.

The ruling of the Court below was clearly erroneous. That Court has no power, under any circumstances, to order an involuntary nonsuit, under our practice.

That mode of procedure is exercised by other Courts under a different practice.

When reversed and remanded, the cause stood upon the docket of the lower Court for trial again at the next term, provided it was filed in time. If not filed in time, it stood continued by operation of law.

When the case was here before, the Court said: "In this instance, the vendee was dealing with the vendor upon

Nov. Term,
1857.

equal terms, about a matter the truth of which was equally open to both." But another trial might put a new face upon the evidence.

If the complaint is defective, *Port* should have withdrawn his answers and demurred. He could not, under the present practice, move to dismiss, or to strike out a pleading for technical defects. This point was expressly ruled in *Port* v. *Williams, supra.*

The Court erred in sustaining the motion to dismiss.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*N. Trusler*, for the appellant.