No. 11,822.

## MASON v. MASON.

DIVORCE.—*Notice by Publication.*—*Inhibition to Marry Within Two Years.*—*Marriage in Violation of Decree Voidable Only.*—Where a divorce is obtained on notice by publication merely, and the decree, as required by section 1030, R. S. 1881, forbids the party obtaining such divorce to marry within two years, but such party, in violation thereof, does marry within that time, the marriage is unlawful and voidable, but, under the statute of this State, not absolutely void. It will become void, however, if, within the period inhibited, the decree is opened by the party against whom it was obtained.

MARRIAGE.—*Public Policy.*—*Construction of Statutes.*—When the marriage relation is once entered into, it is the policy of the law to uphold its validity by every reasonable intendment; and to sustain a marriage not inexorably void, a statute seemingly mandatory will sometimes be construed as merely directory.

SAME.—*Ratification of Unlawful Marriage.*—*Estoppel.*—In violation of a decree of divorce that she should not marry within two years from the time of its rendition, a woman married again, and after living with her husband four years brought an action for divorce, to which the defence was interposed that the marriage was unlawful because in violation of the decree of divorce from her former husband.

*Held,* that as it did not appear that the defendant was ignorant of the inhibition at the time of his marriage with plaintiff, and as he ratified the marriage by living with her two years after the inhibited period had expired, he was estopped from denying the validity of the marriage as a defence to the complaint.

From the Jay Circuit Court.

*D. T. Taylor, J. M. Smith* and *T. Bailey,* for appellant.
*J. W. Headington* and *J. J. M. LaFollette,* for appellee.

NIBLACK, J.—Complaint by Margaret J. Mason against George W. Mason, charging, in connection with the usual formal averments, that she was married to the defendant on the 12th day of July, 1880; that from that time until the 22d day of April, 1884, she lived with the defendant as his wife, treating him kindly and doing all in her power to make his home comfortable and pleasant; that on said last named day she was, in consequence of the defendant's continued

abuse and his cruel and inhuman treatment of her, compelled to separate and live apart from him; wherefore a divorce and alimony were demanded.

The defendant answered, first, in general denial; secondly, admitting the marriage as charged, but averring that said marriage was in the first place, and had continued to be, void for the following reasons: That, on the 18th day of February, 1871, the plaintiff, at the county of Jay and State of Indiana, intermarried with one John Butcher; that, on the 20th day of January, 1880, she filed her petition in the Jay Circuit Court praying for a divorce from the said Butcher; that afterwards, at the March term, 1880, of said Jay Circuit Court, at a hearing of said cause, it was ordered, adjudged and decreed that the plaintiff be thereafter forever divorced from said Butcher; that, it appearing to the court that the only notice which had been given to Butcher of the pendency of the petition for a divorce against him was by publication in a newspaper, it was further ordered, adjudged and decreed that the plaintiff should not intermarry with any other person for a period of two years from the time of the rendition of said decree of divorce; that in violation of law, and of the inhibition contained as above in said decree of divorce, the plaintiff did, on said 12th day of July, 1880, at the county of Blackford, in this State, intermarry with the defendant, as charged in the complaint; that at the time of the rendition of such decree of divorce, the said Butcher was, as he still continued to be, in full life; that the plaintiff and defendant had no children living as the fruit of their said pretended marriage.

A demurrer was sustained to this second paragraph of answer, and the circuit court, after hearing the evidence, made a finding that the plaintiff ought to be divorced from the defendant, and was entitled to recover the sum of $100 for alimony, and decreed accordingly. The only complaint made here of the proceedings below is, that the circuit court erred in sustaining the demurrer, as above stated, to the second paragraph of the answer.

Mason *v.* Mason.

It was provided by section 6 of the act of March 10th, 1873, Acts 1873, p. 107, which is still in force, R. S. 1881, section 1030, that " Parties against whom a judgment of divorce shall hereafter be rendered, without other notice than publication in a newspaper, may, at any time within two years after the rendition of such judgment, have the same opened, and be allowed to defend as well on the granting of the divorce as in relation to the allowance of alimony and the disposition of property; and until the expiration of said two years, it shall not be lawful for the party obtaining such divorce to marry again; which shall be stated in the decree of the court."

Several of the States have statutes either similar or somewhat analogous to the foregoing provision, but we regret to find that there is a manifest want of harmony between many of the cases which have arisen under that class of statutes. The decisive weight of authority, however, appears to us to be in favor of the conclusion that a marriage, contracted in violation of such an order of court as that set up in defence in this case, is not absolutely void unless declared to be so by the statute under which the order was made. The first section of the act of 1873, *supra,* declares certain marriages to be wholly void, but neither that nor any other section of the various statutes of this State characterizes such a marriage as the one in question as absolutely void.

There are many cases in which a marriage may be unlawful without being void, such as the want of proper authority in the person who solemnized it, some irregularity in the manner of its solemnization, some merely personal or temporary restriction imposed, and the like : "A marriage if legal must be valid, but a valid marriage may be illegal." Stewart Marriage & Divorce, section 5. The decree of divorce between the appellee and Butcher dissolved the marriage relation between them, subject only to Butcher's right to have the decree reopened at any time within two years after its rendition, but upon grounds of public policy, as well as in justice to.

Butcher, it was declared to be unlawful for the appellee to marry again so long as his right to have the decree opened continued, and that declaration was not only authorized, but, as has been seen, was required by law. Her marriage, therefore, with the appellant, at the time it was entered into, was in contempt of the authority of the court which decreed to her a divorce from Butcher; it was also contrary to law, and hence *unlawful.* But no penalty is attached to, or forfeiture imposed as a consequence of, such a violation of law. When the ,marriage relation is once entered into, it is the policy of the law to uphold its validity by every reasonable intendment. *Park* v. *Barron,* 20 Ga. 702. Statutes seemingly mandatory will sometimes be construed to be directory only, when · necessary to sustain the validity of a marriage not inexorably void. Upon the facts averred, therefore, we regard the marriage between the appellant and appellee as having been voidable merely, and hence not void.

If Butcher had, within the time reserved to him, caused the decree of divorce against him to be opened, that would have annulled, and rendered void, the appellee's marriage with the appellant. If the appellant intermarried with the appellee in ignorance of the inhibition resting upon her, he might, doubtless, within a reasonable time have procured an annulment of the marriage. But it is not averred that he was ignorant of this inhibition, and we must, hence, assume that he was not ignorant of it. The answer impliedly admitted that the appellant, for more than two years after the decree against Butcher had become absolute, and with full knowledge of all the facts, had lived and cohabited with the appellee as her husband, and that the separation did not result from any supposed irregularity in their marital relations. The facts thus admitted amounted to an unconditional ratification of the marriage of the appellant with the appellee, and to a full recognition of its validity. The appellant was, consequently, estopped from setting up the unlawfulness of the marriage in the first instance, as a defence to the complaint against him

for a divorce. Stewart, *supra,* sections 79, 152, 153, 154, 415, 417, 424, 432; 1 Bishop Marriage & Divorce, sections 287 and 287 *a;* 2 Bishop, *supra,* section 264; *Tefft* v. *Tefft,* 35 Ind. 44; *Teter* v. *Teter,* 88 Ind. 494; *Harman* v. *Harman,* 16 Ill. 85; *Van Voorhis* v. *Brintnall,* 86 N. Y. 18 (40 Am. R. 505); *Hynes* v. *McDermott,* 91 N. Y. 451 (43 Am. R. 677); *Catterall* v. *Sweetman,* 1 Robertson Ecclesiastical Cases, 304.

The judgment is affirmed, with costs.

Filed March 21, 1885.