Filed Oct. 9, 1894.

━━━━━━━◆━━━━━━━

No. 16,917.

KELLER <em>v.</em> KELLER.

JUDGMENT.—*Review of.*—*Divorce Proceeding.*—*Attachment.*—*Alimony.*— An action will not lie to review a judgment in attachment and for alimony in a divorce proceeding, the judgment in attachment being merely in aid of the suit for divorce and alimony, and not an independent proceeding.

From the Owen Circuit Court.

*I. H. Fowler* and *W. A. Pickens*, for appellant.

*D. E. Beem* and *W. Hickam*, for appellee.

DAILEY, J.—On the 12th day of January, 1892, the appellant filed a complaint in the Owen Circuit Court to review a judgment in attachment in a divorce proceeding, and alleged therein that on the 5th day of May, 1891, the appellee, Isabel Keller, brought an action against him for divorce and alimony, and sued out a writ of attachment against his property, charging him with being a nonresident of the State of Indiana, and on the 13th day of November, 1891, recovered a judgment in

Keller *v.* Keller.

said action for divorce, and for $4,500 alimony, and also sustaining her attachment in said suit.

The complaint disputes the jurisdiction of the court of his person, also the subject-matter of the action, and of the property attached as the property of the defendant therein, specifically setting out the grounds on which he relies to defeat the proceeding.

On the 5th day of April, 1892, the appellee moved the court to strike from the docket, and reject this cause, for the reason that an action to review will not lie against a judgment in a proceeding for divorce and alimony. The court sustained the motion, rejected the complaint, and dismissed said cause. To this ruling the appellant at the time excepted, and prosecutes this appeal. Two errors are assigned, but as the second only is referred to by the appellant's learned counsel in their brief, the other is waived. The remaining specification is, that "the court erred in sustaining appellant's motion to strike said cause from the docket." In the discussion of the question presented by this assignment of error, the appellant's counsel seem to insist that the motion to strike from the docket was intended to take the place of a demurrer to test the sufficiency of the complaint, and that the complaint should have been considered on its merits. We think the sufficiency of the complaint is not raised by any assignment of error here. No doubt, the view upon which the court below sustained the motion to reject the complaint is expressed in section 615, R. S. 1881, Burns' R. S. 1894, section 627, which provides, that "no complaint shall be filed for a review of a judgment for a divorce." Appellee insists that under this section, it matters not whether the proceedings for a divorce contain errors of law which might be proper ground for a review of a judgment in any other class of cases; that after the court has reached its judgment

Keller *v.* Keller.

the defendant is positively denied the right to file a complaint to review it, and the court may strike it from the files even of its own motion. This is upon the theory that the court will not sit to hear complaints and trials upon imaginary causes of action, which are positively forbidden to be placed on its files.

It seems to us that there is much force in the appellee's contention. This court in construing section 615, *supra*, has held that decrees and proceedings in divorce cases can not be reviewed. *Willman* v. *Willman*, 57 Ind. 500; *Earle* v. *Earle*, 91 Ind. 27. The general policy of our law is against disturbing judgments in divorce actions, except in cases of fraud upon the jurisdiction of the court, and no fraud is alleged in the case at bar. *Sullivan* v. *Learned*, 49 Ind. 252; *Earle* v. *Earle*, *supra; Powell* v. *Powell*, 104 Ind. 18; *McJunkin* v. *McJunkin*, 3 Ind. 30; *McQuigg* v. *McQuigg*, 13 Ind. 294; *Mason* v. *Mason*, 101 Ind. 25. In the consideration of this question, it will be borne in mind that an attachment is not an independent proceeding, but is merely in aid of the suit. *Excelsior, etc., Co.* v. *Lukens*, 38 Ind. 438; *Boorum* v. *Ray*, 72 Ind. 151. Counsel for the appellant argue that this case does not come within the provisions of section 615, *supra*, and in support of this contention, assert that the complaint is to review a judgment in attachment, and not to review a judgment for divorce. As we have suggested, the attachment proceedings were a mere incident auxiliary to the main action which was for divorce, and can not be considered separately therefrom, so as to evade the provisions of the statute. Section 1030, R. S. 1881, section 1042, Burns' R. S. 1894, declares the only method by which a "judgment for alimony, and disposition of property, or either of them," may be in any way disturbed, and it is not pretended that this action is brought under that section. By its terms parties

against whom a judgment of divorce has been or shall be rendered, without other notice than publication in a newspaper, may have the same opened at any time, so far as it relates to the care, support and custody of the children. Parties against whom a judgment of divorce shall be hereafter rendered, without other notice than publication in a newspaper, may, at any time within two years after the rendition of such judgment, have the same opened up, and be allowed to defend as well on the granting of the divorce as in relation to the allowance of alimony, and the disposition of property. Before any judgment shall be opened, as above, for any cause, the applicant shall file a statement of the causes relied upon, and give such notice thereof as the court in term time, or the judge thereof in vacation, shall require. And when the causes specified by such applicant relate to the granting of the divorce, alimony, and disposition of property, or either of them, the applicant shall file an affidavit stating that, during the pendency of the action, he or she received no actual notice thereof, in time to appear in court at the time of the trial of such action, and object to said judgment, and shall also pay such costs as the court may direct. Any property which may have been sold under any such judgment so sought to be opened, and which shall have passed into the hands of a purchaser or purchasers in good faith, shall not be affected by any proceeding consequent upon the opening of such judgment.

This section, it is clear, does not, in any case, contemplate a review of a judgment for any cause. Under it a judgment defendant must come into court, and set forth some meritorious defense to the action, and show by affidavit that he had no knowledge of the suit in time to get into court and make his defense. But appellant claims no rights under this section, the only one that

could afford him any relief, if he had a cause of defense, which he does not pretend he had. No affidavit was filed to show that he had no knowledge of the pendency of the action in time to defend. On the contrary, the record shows that at the first term of court after service was had upon him by publication, and by having a marked copy of the service sent to his address, he entered his special appearance and moved to quash the service, which motion was sustained. The cause was then continued, and service had by publication. Thus, from the very beginning of this action, the appellant, not only had knowledge of its pendency, but had his counsel employed in the court where it was pending to take advantage of any errors that might occur in the proceedings, and debarred himself from the benefits of this section of the statute.

In order to sustain their position here, that the court had no right to dismiss or strike the cause from the docket, appellant's counsel rely upon section 333, R. S. 1881, which enumerates the conditions under which a cause of action may be dismissed without prejudice to the plaintiff. But, in our opinion, this section lends them no support. It contemplates the existence of a cause of action, which the plaintiff had a right to have determined on its merits, the improper dismissal of which might in some way prejudice the plaintiff. But that is not this case, for the reason already stated, and the court possessed the inherent power to dispose of it in this summary manner, even upon its own motion.

In the divorce proceeding the appellant suffered a default, and permitted the appellee to prevail without a contest. There was a decree in her favor, not only severing the marriage relation, but the court found that she was entitled to $4,500 alimony, and sustained the attachment without objection. He has no defense to offer to

the justice of the judgment he assails, and does not pretend that if a new trial were granted, he would have any plea to interpose. . He desires the judgment for divorce to stand, but attacks the attachment proceeding as void for want of jurisdiction of his person, so as to forever bar her of any claim to support. We are persuaded that a court of conscience should not lend its aid to the consummation of such a purpose.

We think the court below did not err in dismissing the bill to review the judgment in alimony and the attachment.

The judgment is, therefore, affirmed.

Filed Oct. 10, 1894.