RECOR *v.* ST. CLAIR CIRCUIT JUDGE.

MANDAMUS—WHEN LIES—APPEALABLE ORDER — QUASHING GARNISHMENT.

Under section 10642, 3 Comp. Laws, an order quashing a writ of garnishment, and releasing the garnishee from further liability, with costs to defendant, is in effect a final judgment against plaintiff in the garnishment proceeding, reviewable on error, and hence mandamus does not lie to review such order and to compel the circuit judge to vacate the same.

Mandamus by Edward C. Recor to compel Harvey Tappan, circuit judge of St. Clair county, to vacate an order quashing a writ of garnishment. Submitted January 17, 1905. (Calendar No. 20,742.) Writ denied February 27, 1905.

· *Henry Baird* (*Frank T. Wolcott*, of counsel), for relator.

*John B. McIlwain* and *William Baird*, for respondent.

McALVAY, J. Application for a mandamus is made by relator to require the circuit judge of St. Clair county to vacate a certain order quashing a writ of garnishment, and releasing the garnishee defendant from further liability in a certain case pending in said court, wherein relator was plaintiff in an action against Arabella Recor, principal defendant, and the Commercial & Savings Bank of St. Clair, Michigan, garnishee defendant. Relator, before applying to this court, made a motion in the circuit court, before the respondent, to vacate the order hereinbefore referred to. This motion was denied, and the petition in this proceeding was filed in this court.

The order sought to be vacated is as follows:

"The motion made in the above-entitled cause by the defendant Arabella Recor, to quash the writ of garnishment, came on to be heard; and, after hearing, * * * due deliberation being had, it is ordered and adjudged that the writ of garnishment issued in the above cause be, and the same is hereby, quashed, and the garnishee defendant released from further liability in the premises— the reasons for said order being fully set forth in an opinion filed in this cause, and made a part hereof—with costs to the defendant to be taxed, including an attorney fee of $10.

" It is further ordered that the plaintiff have 45 days in which to remove said cause to the Supreme Court, on giving a bond in the sum of $100, to be approved by the clerk of this court, to indemnify defendants from any costs in the premises.

"HARVEY TAPPAN,
" Circuit Judge."

The question to determine is whether mandamus is the proper remedy to review the action of the circuit judge. Section 10642, 3 Comp. Laws, referring to " Proceedings

by Garnishment in Circuit Courts," provides that "any judgment or final order in a suit in garnishment may be set aside or removed to the Supreme Court in like manner and with the same effect as in other personal actions."

The order referred to adjudged that the writ of garnishment be quashed, and the garnishee defendant released from further liability, with costs to the defendant to be taxed, including an attorney's fee of $10. This is, in effect and in fact, a judgment against the plaintiff, and in favor of the garnishee defendant, finally disposing of the garnishment proceeding, with costs and attorney's fee against the plaintiff to be taxed; and defendant, upon applying to the court, would be entitled to execution upon this judgment. The statute above quoted applies, and the plaintiff could have the case reviewed in this court upon writ of error. This is not a case where delay is calculated to produce injury, and comes within the rule established by this court in *Michigan Mut. Fire-Ins. Co.* v. *Wayne Circuit Judge*, 112 Mich. 270.

The writ is therefore denied, with costs.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.