BROTHERTON CO. *v.* JACKSON.

1. GARNISHMENT—NOT TO BE QUASHED ON MOTION WHERE ISSUE OF FACT RAISED.

Where the garnishee defendant filed a disclosure that, as custodian of the sheriff, he held an automobile which he understood belonged to the principal defendant, the plaintiff was entitled to have the issue between it and the garnishee defendant tried out according to the garnishment statute, and the trial judge was therefore in error in quashing the writ on motion of the principal defendant supported by affidavits; said issue not being determinable by affidavits.[1]

2. DISMISSAL AND NONSUIT—ISSUES OF FACT MAY NOT BE DISPOSED OF ON MOTION.

The judicature act (3 Comp. Laws 1915, § 12456) authorizes motions to dismiss as substitutes for demurrers, pleas to the jurisdiction, and in abatement, but issues of fact may not be disposed of on motion to dismiss.[2]

---

[1]Garnishment, 28 C. J. § 558 (Anno); [2]Dismissal and Nonsuit, 18 C. J. § 129.

3. APPEAL AND ERROR—QUASHING WRIT OF GARNISHMENT FINAL
   JUDGMENT.
    An order quashing a writ of garnishment is in effect a final
    judgment which may be reviewed on writ of error.[3]

Error to Wayne; Webster (Clyde I.), J.     Sub-
mitted April 7, 1925.   (Docket No. 10.)    Decided
July 16, 1925.   Rehearing denied October 1, 1925.

Garnishment proceedings by the Brotherton Com-
pany against William J. Jackson, individually, and
doing business as William J. Jackson Company, princi-
pal defendant, and William K. Johnson, individually,
and doing business as Olympic Wrecked Auto Service,
garnishee defendant.    From an order quashing the
writ, plaintiff brings error.    Reversed.

*Henry H. Roberts,* for appellant.

*Barbour & Martin,* for appellee.

McDONALD, C. J.    Plaintiff brings error to review
the judgment of the circuit judge in quashing certain
writs of garnishment.    The plaintiff began suit by
attachment against William J. Jackson on the 22d day
of November, 1923, and on the same day the sheriff
attached a Studebaker sedan, belonging to the defend-
ant, and stored it with William K. Johnson, who was
doing business as Olympic Wrecked Auto Service.
On January 28, 1924, the attachment was dissolved by
order of the circuit judge and the sheriff was directed
to restore the attached property to the defendant "after
the expiration of five days from the date hereof."
On the 26th of January, 1924, the plaintiff filed an
affidavit for a writ of garnishment and the writ was
issued and served upon William K. Johnson, in whose
garage the automobile was stored.    Thereafter on
February 2, 1924, a second writ of garnishment was

---

[3]Appeal and Error, 3 C. J. § 389.

issued and served on Mr. Johnson. On the 4th day of February, 1924, a third writ of garnishment was issued and served. The garnishee defendant filed a disclosure stating that he had no money, goods, chattels, property, credits or effects in his hands belonging to the principal defendant, but that, as custodian of the sheriff of Wayne county, he held an automobile which he understood belonged to the principal defendant. The plaintiff demanded a jury trial of the issue raised by the disclosure. The principal defendant moved to quash the writs of garnishment. The motion states that it is based upon the files and records and upon certain affidavits. On hearing the motion the circuit judge entered an order quashing the writs. The plaintiff brings error.

It is the plaintiff's contention that, except for defects apparent on the face of the proceedings which go to the jurisdiction of the court, there is no authority for quashing writs of garnishment on motion, and that it was entitled to have the issue between it and the garnishee defendant tried out according to the garnishment statute. There were three writs of garnishment issued. The first was that of January 26, 1924. It did not comply with the statute and the plaintiff concedes it should have been quashed. The two later writs complied in all respects with the statute. There is no apparent defect on the face of the proceedings and the issue raised in regard to them was determined from affidavits filed in support of the motion to quash and the counter affidavit of the plaintiff. The issue here involved cannot be determined by affidavits. *Jewell* v. *Lamoreaux*, 30 Mich. 155; *Starr* v. *Whitcomb*, 150 Mich. 491; *Borderland Coal Sales Co.* v. *Wayne Circuit Judge*, 228 Mich. 198.

The judicature act (3 Comp. Laws 1915, § 12456) authorized motions to dismiss as a substitute for demurrers, pleas to the jurisdiction and in abatement.

Issues of fact could not be disposed of on demurrer. They cannot be disposed of on motion to dismiss. *Gunn* v. *Gunn*, 205 Mich. 198; *Pagenkoff* v. *Insurance Co.*, 197 Mich. 166; *Vyse* v. *Richards*, 208 Mich. 383.

It is urged by the defendant that the case is not properly before this court for review; that writs of error may be issued only on final judgments; and that the plaintiff should have applied for a writ of certiorari. The order in question makes a final disposition of the garnishment proceedings. It is in effect a final judgment and may be reviewed on writ of error. *Recor* v. *St. Clair Circuit Judge*, 139 Mich. 156. The circuit judge erred in quashing the writs. The issue is one which the plaintiff is entitled to have tried in accordance with the proceedings prescribed by the garnishment statute.

The order is reversed, with costs to the plaintiff.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.