(No. 24835.—

CARRO STEWART·CRAIG, Appellant, *vs.* WALTER R. KIMSEY *et al.* Appellees.

*Opinion filed December 15, 1938—Rehearing denied Feb. 8, 1939.*

McKinley, Price & Quindry, for appellant.

Ulys Pyle, for appellees.

Mr. Chief Justice Shaw delivered the opinion of the court:

In 1931, Edward Craig died in Edwards county in this State, leaving both real and personal property and a last will and testament, the second and third paragraphs of which are as follows:

"Second: I give, devise and bequeath to Walter R. Kimsey of Mt. Carmel, Illinois, and Edgar Leathers of Crossville, Illinois, and their successors in trust, in trust for the uses and purposes hereinafter stated, all of my real and personal property of every kind and character wherever situated, except my household and kitchen effects, and I direct that for and during the term of the natural life of my daughter, Carro Stewart Craig, said Trustees shall hold the legal title to said property, permitting her to collect the rents from all real estate and to have the possession and

control of all personal property and in all respects to handle and control the same as though she had absolute title thereto. My said daughter is to have full power to consume all interest or principal if she sees fit, and should it become necessary to sell or dispose of any of my real estate, either for the purpose of supporting my said daughter or for otherwise investing same, said Trustees, if they deem it to the best interest of my daughter and my estate, shall have power to sell and dispose of any and all of my real estate at either public or private sale as they may deem best, and I hereby authorize and impower them to make such sale and to make all deeds of conveyance to the purchaser or purchasers thereof. I direct that said Trustees and their successors in trust shall have the sole and exclusive control and management of said property, applying the income and profits derived therefrom for her proper support and maintenance with full power to sell and dispose of the same as hereinbefore provided.

"Third: Out of whatever may remain of my estate after the death of my daughter, Carro Stewart Craig, I give and devise to the following named persons and organizations as their absolute property, the following amounts, namely:" (Here follow specific bequests.)

The appellant, Carro Stewart Craig, the only child and only heir-at-law of the deceased, filed her complaint in equity in the circuit court of Edwards county on a theory that the trust contained in the second paragraph of the will is a mere dry or passive trust and therefore executed by the Statute of Uses. (Ill. Rev. Stat. 1937, chap. 30, par. 3.) She prayed that she be decreed to have a vested fee simple title to the entire estate and that the claims of all others be removed as clouds. A motion to strike her complaint was allowed by the circuit court and the cause is here on direct appeal.

It is one of appellant's contentions that the circuit court should not have dismissed the complaint for want of equity,

but should have retained the cause and construed the will. It is a complete answer to this to say that the complaint did not ask for any construction of the will but prayed merely that the appellant be decreed to have a fee simple title and that all others might be barred. There was no error in this respect.

Other questions are raised as to whether or not the trustees qualified and as to whether or not the specific legacies mentioned in the third paragraph abated for want of personalty to satisfy them, but it is apparent that our determination of whether this is an active trust will automatically dispose of these questions and we will pass by them and proceed to the main issue.

In construing the Statute of Uses three rules are applied whereby conveyances are excepted from its operation, viz: (1) Where a use was limited upon a use; (2) where a copyhold or leasehold estate or personal property was limited to uses; (3) where such powers or duties were imposed, with the estate, upon a donee to uses that it was necessary that he should continue to hold the legal title in order to perform his duty or execute the power. (Hill on Trustees, 230; 1 Perry on Trusts, (2d ed.) sec. 300.) Special or active trusts were never within the purview of the statute, and if powers or duties are imposed upon a donee to uses, or, in other words, a trustee, which make it necessary that he should continue to hold the legal title in order to perform his duty or execute the power, the trust is such a special or active trust as will remain unexecuted by the statute. (*Chicago Terminal Transfer Railroad Co.* v. *Winslow,* 216 Ill. 166.) If any agency, duty or power be imposed on the trustee, as to preserve contingent remainders or to raise a sum of money, or to dispose of the estate by sale, and many other cases, the operation of the Statute of Uses is excluded. *Kirkland* v. *Cox,* 94 Ill. 400.

Many other cases are cited in the briefs to the same effect as the foregoing, and many more could be cited, but the case seems so plain as not to warrant extended citation of authorities. It is true, as argued, that the appellant is permitted to collect the rents of the real estate and to have possession and control of the personal property. Nevertheless, the trust is far from passive. The duty is cast upon the trustees to determine if it is in the best interest of the appellant to sell the real estate and otherwise invest it. In such case it is their duty to sell, to determine whether the sale shall be public or private, to make the necessary conveyances and, in that event, to control and manage the property, applying the income therefrom to the support and maintenance of the appellant. Where a trustee is required to make a conveyance he will take such title as will enable him to perform his duty and that, in this case, would be a fee simple. *Emmerson* v. *Merritt*, 249 Ill. 538.

The circuit court of Edwards county did not err in sustaining the motion to strike the complaint, and its decree is affirmed.

*Decree affirmed.*