STATE EX REL. HURD *v*. DAVIS, JUDGE

[No. 28,517.  Filed February 23, 1949.]

*Warner, Clark and Warner and Bracken, Gray, De-Fur and Voran*, all of Muncie, *amici curiae; Davis and Davis*, of Muncie, for relator.

*Judge Joseph H. Davis, pro se.*

GILKISON, J.—This action is in the nature of a continuation of *State ex rel. Hurd* v. *Davis, Judge*, No. 28457 (1948), 226 Ind. 526, 82 N. E. 2d 82, decided September 30, 1948. The opinion in that case should be read with this opinion.

In this original action relator, among other things, charges that on June 2, 1948, certain defendants named,

filed a motion to dismiss relator's petition in which he asked to be declared a child, heir and distributee under the will in the estate of E. Arthur Ball, deceased, then and now being administered in the court of respondent. Omitting caption and signature of attorneys, the motion is as follows:

"Merchants Trust Company, Edmund F. Ball and Frances D. Ball, Executors of the Will of E. Arthur Ball, deceased, move the Court for an order rejecting, dismissing and striking from the files, the amended petition of Robert Carlton Hurd filed herein on the 1st day of May, 1948, for the following reasons:

"1. Virginia Hurd is not a competent and responsible person to act as next friend for the petitioner.

"2. Said decedent left a will which has been duly admitted to probate and record in this Court and in which the petitioner is not mentioned by name or otherwise.

"3. Said petition presents facts and issues which properly may be presented and tried only in an adversary proceeding in the nature of an action for a declaratory judgment.

"4. Said petition has been filed as a probate proceeding. The issues involved are such as can be presented and tried only in a civil cause. The Circuit Court sitting in probate has no jurisdiction."

After the mandate was issued in cause No. 28457, respondent, on November 13, 1948, ordered summons issued for the resident defendants and publication of notice to the non-resident defendants returnable January 22, 1949. The summons was duly issued and served and the non-resident notice was issued and published. The impounded papers were ordered released. It is further averred that none of the defendants named in the sum-

mons, or in the non-resident notice have appeared in the matter voluntarily or otherwise.

It is then alleged that on December 31, 1948, the respondent judge without notice to relator or his attorneys, without any hearing whatever, entered a judgment in the cause dismissing relator's amended petition with costs against petitioner. That relator and his attorneys had no notice or knowledge of the action so taken by respondent judge until three days thereafter. Omitting the caption the judgment rendered is as follows:

"With reference to the motion of the defendants Merchants Trust Company, Edmund F. Ball, and Frances D. Ball, as Executors of the last will and Testament of E. Arthur Ball, deceased, for an order rejecting, dismissing and striking from the files, the petition and amended petition of Robert Carlton Hurd filed in this cause, which motion was heretofore submitted to the court, the court finds that E. Arthur Ball died testate on April 15, 1947, and that his will was duly admitted to probate in this cause, which will is a part of the record, files, papers and pleadings of this cause and reads as follows, to-wit: (H. I.). The court further finds that said will filed in this cause does not contain the name of the petitioner Robert Carlton Hurd therein, nor does it make any reference to such person, nor does it include such person within the word children as used in said will. The court further finds that the validity of the will above set out and filed herein has not been attacked or questioned, and that all of the property of the decedent is covered by specific, general and residuary provisions of decedent's will filed herein, and that as Robert Carlton Hurd was not mentioned in said will as a devisee or legatee he could take nothing under his petition and amended petition herein, and that a finding in this cause that said Robert Carlton Hurd 'be adjudged to be the son of E. Arthur Ball, deceased, and that he be adjudged an heir of said decedent and entitled to inherit as such son and heir' (to quote from petitioner's pe-

tition herein), as prayed for in the said Hurd's amended petition, would serve no useful purpose whatsoever; that it would not aid Hurd in any particular and that a trial of such an issue would be the trial of a moot matter and also the trial of useless and pointless litigation; that such a finding would not give this court authority in this cause to declare said Hurd an heir of decedent (*Craig* v. *Kimsey*, 18 N. E. 2d 895) and if it did so it would still lack authority to write Hurd's name into the will of said decedent.

"The court further finds that the defendant Merchants Trust Company, Edmund F. Ball and Frances D. Ball filed a Schedule of Inheritance Tax in this cause, which is one of the pleadings and a part of the papers and files of this cause, which Schedule of Inheritance Tax is in the words and figures following, to-wit: (H. I.) ; that also filed in this cause, as a part of the pleadings and papers herein is an Application for Letters Testamentary, which Application is in the words and figures following to-wit: (H. I., that said Schedule of Inheritance Tax, said Application for Letters Testamentary and other pleadings also filed herein in this cause disclose that decedent left surviving him as his sole and only heirs at law, his widow, Frances D. Ball, and three legitimate children, namely, the defendants, Barbara Ball Foley, Dorothy Ann Ball Friestedt, and George A. Ball II, and the court further finds that the legitimacy of said children is not qestioned in this cause or in any manner or cause whatsoever, and that under the laws of this state the said Hurd, who claims in his petition and amended petition filed herein to be the illegitimate son of decedent, cannot inherit any of decedent's property, as there are three living legitimate children of decedent.

"The court further finds that Virginia Hurd, the original next friend herein, is the mother of the petitioner Robert Carlton Hurd, and that at the time said Robert Carlton Hurd was conceived and born, his mother Virginia Hurd was married to and living with one Ralph Hurd as wife and husband and that said Robert Carlton Hurd was born in the wedlock of Virginia Hurd and Ralph Hurd;

that neither Virginia Hurd nor Ralph Hurd are competent to testify or say that Robert Carlton Hurd is not the son of Ralph Hurd, and that to prove beyond all reasonable doubt that said Ralph Hurd is not the father of Robert Carlton Hurd, as is required by law (*Sayles* v. *Sayles* 80 N. E. (2d) 21) would in no way assist Robert Carlton Hurd to take under the will of said decedent under his petition filed in this cause.

"It is therefore declared, ordered, adjudged and decreed by the court that the motion of defendants Merchants Trust Company, Edmund F. Ball, and Frances D. Ball to dismiss the petition and amended petition of Robert Carlton Hurd be sustained, and said motion is now sustained and said petition and amended petitions are dismissed with costs assessed against the petitioner, to which petitioner excepts and objects. Petitioner is granted an appeal to the Appellate Court of Indiana upon filing his appeal bond in the sum of $100, and 90 days is granted petitioner in which to file all Bills of Exceptions. Exceptions by defendants."

In a second paragraph of response, respondent, among other things, admits that he entered the judgment dismissing relator's petition and against relator for costs, asserts that he was within his rights in so doing, and states that he is without interest in the matter; that he is not conscious of any prejudice against relator; that he was not actuated by any fraud or collusion in entering the judgment; and that he resents suggestions of misconduct which he says have been made by relator's counsel.

The facts in this proceeding present a case of involuntary non-suit or dismissal of relator's action. The procedural matter is covered by our laws. Section 2-901, Burns' 1946 Replacement, among other things, provides as follows:

"An action may be dismissed without prejudice—

"First. By the plaintiff, before the jury retires; or, when the trial is by the court at any time before the finding of the court is announced.

"Second. By the court where the plaintiff fails to appear on trial.

"Third. By the court, on the refusal to make the necessary parties, after having been ordered by the court.

"Fourth. By the court, on the application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence.

"Fifth. By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action.

"In all other cases, upon the trial, the decision must be upon the merits."

Prior to the enactment of § 2-901, *supra,* at the Special Session of the Legislature in 1881, this court had held that a Circuit Court is without power to nonsuit a plaintiff without his consent. *Booe* v. *Davis* (1839), 5 Blackf. 115, and so far as we know there has been no change in the rule there announced. *Yelton* v. *Plantz* (1948), 226 Ind. 155, 77 N. E. 2d 895. It is apparent that in rendering the judgment of dismissal respondent court did not act by virtue of authority granted by either clause of § 2-901, *supra*. At common law a plaintiff may not be nonsuited without his consent. In no case can it be adverse or without at least implied consent. This is the rule in the United States Court and in Indiana. *Booe* v. *Davis, supra; Williams* v. *Port* (1857), 9 Ind. 551; *Yelton* v. *Plantz, supra*. Under the statute or apart therefrom "a motion for dismissal cannot be made to serve the purpose of a plea in bar, *or to devolve upon the court the summary determination of the merits of the case.*" (Our

italics.) 27 C. J. S., Dismissal and Nonsuit, § 45, p. 205; 17 Am. Jur., Dismissal and Discontinuance, § 42, p. 82; *Brotherton Co.* v. *Jackson* (1925), 231 Mich. 604, 606, 204 N. W. 704; *Haney* v. *Grand Rapids Trust Co.* (1922), 221 Mich. 160, 162, 190 N. W. 684; *Yelton* v. *Plantz, supra.*

The judgment rendered by the court demonstrates that respondent tried the case summarily in the absence of relator and his attorneys, on the single issue formed by defendant's motion to dismiss the action. Apparently he considered testator's will and its probation as though it had been introduced in evidence, and judicially determined that relator was not included within the word children as used in the will. He further found that as relator was not mentioned in the will he could take nothing under his amended petition. He further found that a finding for relator, "would serve no useful purpose whatsoever." That the court could not declare relator an heir of decedent, and, if it did so, it would lack authority to write relator's name in decedent's will. Apparently he considered an inheritance tax schedule and the application for letters testamentary as though they had been introduced in evidence and from them found that only the legitimate heirs of decedent can inherit his estate, and that relator cannot share therein.

In this judgment the respondent seems to have considered much evidence, as though it had been introduced on the merits of relator's petition, upon which no issue had been tendered, for he found that relator "was conceived and born" while his mother was living in wedlock with her husband, Ralph Hurd. He further found that neither Virginia nor Ralph Hurd were competent to testify in the case as to the paternity of relator. There is nothing indicating that they ever were, or ever would be offered as witnesses. He gives us no bill of

exceptions containing the evidence upon which his finding is based, and we are forced to conclude that there was no evidence heard.

The judgment rendered by respondent herein illustrates the reason for the rule before stated, that "motion for dismissal cannot be made to serve the purpose of a plea in bar, or to devolve upon the court the summary determination of the merits of the case."

Our code provides another motion usually termed a motion to strike, or to strike out, which provides:

> "An answer or other pleading shall be rejected as sham, either when it plainly appears upon the face thereof to be false in fact and intended merely for delay, or when shown to be so by the answers of the party to special written interrogatories propounded to him to ascertain whether the pleading is false; . . . ."
> § 2-1054, Burns' 1946 Replacement.

The two motions as provided for in §§ 2-901 and 2-1054, *supra,* are sometimes confounded, but each is intended to perform the specific purpose mentioned in the section providing for it. Section 2-901, *supra,* is to dismiss an action and Section 2-1054, *supra,* is to strike out an answer or other pleading filed in the action. When the court sustains a motion to dismiss the action under § 2-901, *supra,* the action is definitely ended. When it sustains a motion to strike out a pleading under § 2-1054 the pleading is out, but the action remains for further disposition. Neither can rightly be used for any other purpose. See authorities cited in *Yelton* v. *Plantz, supra,* page 897, and *Armstrong* v. *Presslor* (1947), 225 Ind. 291, 73 N. E. 2d 853.

In summarily dismissing relator's complaint for causes not contained in the dismissal statute, § 2-901,

*supra,* and summarily rendering a finding and judgment against relator, respondent exercised a power not vested in his court by the constitution of Indiana.

Art. 1, § 12 of that constitution, among other things, provides:

> "All courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. . . . ."

Respondent contends that he had jurisdiction of relator's action, of relator and the executors who had voluntarily appeared, and that he therefore had jurisdiction to dismiss the action. Under our procedure he had no jurisdiction to dismiss the action on motion of some of the defendants, except as given by clause Fourth, § 2-901, Burns' 1946 Replacement, *supra,* as follows:

> "An action may be dismissed without prejudice—
> . . . .
> "Fourth. By the court, on application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence."

The moving defendants made no effort to bring their motion under this clause of the statute, and no pretense is made by respondent that the judgment of dismissal is based upon it. This is the only ground upon which the court can dismiss an action on motion of some of the defendants. I *Watson's Works Practice,* p. 795, § 1242.

The only inherent power of dismissal a court has is to dismiss an action of which it has no jurisdiction. 1 *Watson's Works Practice* 796, § 1245. *Keller* v. *Keller* (1894), 139 Ind. 38, 38 N. E. 337.

The dismissal statute cited further provides:

"In all other cases, upon the trial, the decision must be upon the merits."

It follows that respondent failed to perform a duty enjoined upon him by law, and that relator's petition for mandate is his proper remedy. Burns' 1946 Replacement, § 3-2201. *State ex rel. Zeller* v. *Montgomery Circuit Court* (1945), 223 Ind. 476, 482, 62 N. E. 2d 149, and cases there cited.

It is ordered that the alternative writ of mandate heretofore issued herein be and the same is hereby made permanent. And respondent is further mandated to revoke and set aside his judgment entered on December 31st, 1948, dismissing relator's amended petition and rendering judgment against relator for costs in probate cause No. 9241 in respondent's court; to reinstate said petition as a pending cause in said court, and to permit it to remain pending until outstanding process matures and the parties plaintiff and defendant have a reasonable opportunity to put the cause at issue and have the same fully tried, agreeable with the "due course of law" provision of the Constitution of the State of Indiana.

NOTE.—Reported in 84 N. E. 2d 181.