STATE OF INDIANA ON RELATION OF TERMINIX CO. OF INDIANA *v.* FULTON CIRCUIT COURT, RAKESTRAW, JUDGE, ETC.

[No. 29,328. Filed March 13, 1956.]

*Charles C. Campbell,* of Rochester, for relator.

*William L. Morris,* of Rochester, and *Frederick E. Rakestraw, pro se,* for respondent.

LANDIS, J.—Relator has filed in this court petition for writ of mandate, to compel the reinstatement of relator's cause of action which was dismissed by the court on motions of some of the defendants to such action.

From relator's petition the following facts appear: relator-plaintiff filed suit in 1951 to foreclose a mechanic's lien to which defendants therein filed a motion for a bill of particulars. This motion was not ruled on by the court, but the cause was thereafter dismissed in November, 1953, at costs of plaintiff therein. The cause was subsequently reinstated in January, 1954, on relator's-plaintiff's motion, and in February, 1954, relator-plaintiff filed bill of particulars and thereafter filed amended complaint and had new summonses issued

and served, making the defendants, Reeves, new parties defendant. Said additional defendants are not here questioning the sufficiency of their notice, and we may therefore assume they are in court after reinstatement upon proper notice. In January, 1955, Judge Reed was succeeded by Judge Rakestraw, and in April, 1955, the defendants, Reeves, filed motion to dismiss the action, alleging it had been improperly reinstated previously by Judge Reed before the defendants, Reeves, had been made parties to the action. The defendant, Lockridge, also filed motion to dissolve and vacate the court order reinstating the action. Judge Rakestraw, pursuant to said motions, dismissed the action and refused to reinstate it at relator's request, and relator now asks this court to mandate the lower court to do so.

Respondent has filed response which does not deny the material allegations of relator's petition, but contends the dismissal was presumably within the lower court's discretion, that if relator is aggrieved, he should have appealed to the Appellate Court or requested relief under the inadvertance and surprise statute,[1] and that mandamus is not an available remedy to relator here to obtain reinstatement of his action.

The facts before us present a case of involuntary nonsuit or dismissal of relator's-plaintiff's cause of action.

Under the English common law, the trial court was without power to nonsuit a plaintiff without his consent, express or implied,[2] and that rule was recognized in this

---

1. Acts 1941, ch. 72, §1, being §2-1068, Burns' Ind. Statutes (1946 Repl.).

2. "2d Tidd's Pr. 789.—*Watkins* v. *Towers et al.*, 2 T. T. 275; *Dewer* v. *Purday*, 4 Nev. & Mann. 633; Chitty in his Gen. Practice, 3d vol. 910, says, 'a nonsuit must always be *voluntary*, that is, by the plaintiff's counsel submitting to the same or not appearing, and in no case can it be adverse or without implied consent.' Consent is implied if the plaintiff withdraws himself, or, *on being*

state prior to the enactment of the acts of 1881.[3] *Booe v. Davis and Another* (1839), 5 Blackf. 115; *Williams v. Port* (1857), 9 Ind. 551.

The above statute (cited in footnote 3) which is presently in full force and effect, prescribes five causes for dismissal of an action, viz:

"First. By the plaintiff, before the jury retires; or, when the trial is by the court, at any time before the finding of the court is announced.

"Second. By the court where the plaintiff fails to appear on trial.

"Third. By the court, on the refusal to make the necessary parties, after having been ordered by the court.

"Fourth. By the court, on the application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence.

"Fifth. By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action.

"In all other cases, upon the trial, the decision must be upon the merits. [Acts 1881 (Spec. Sess.), ch, 38 §433, p. 240.]" Burns', §2-901, *supra*.

As the parties have raised the question of the validity of the first dismissal in 1953 (prior to reinstatement) and the subsequent dismissal in 1955, we shall examine them separately in this opinion.

It is apparent from relator's petition and respondent's response that relator's suit was first dismissed in 1953 by the court for causes not contained in the dismissal statute (Burns', §2-901, *supra*) as the clauses in such statute providing for dismissal by the court, to-wit:

---

*called*, fails to answer. 3 Bl. Comm. 376." *Booe v. Davis and Another* (1839), 5 Blackf. 115.

3. Acts 1881 (Spec. Sess.), ch. 38, §433, p. 240, being §2-901 Burns' Ind. Statutes (1946 Repl.).

"Second. . . . where plaintiff fails to appear on trial.

"Third. . . . on refusal to make necessary parties. . . .

"Fourth. . . . on application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence. [and]

"Fifth. . . . for disobedience by the plaintiff of an order concerning the proceedings in the action."

do not appear to have had any connection with the dismissal. The Second, Third and Fourth clauses obviously had no relation to the dismissal; the Fifth clause could not have been applicable as we are not directed to any specific order of the court which relator-plaintiff may be said to have violated.

If the court's dismissal of the action in 1953 can stand, it must be on the ground of the court's inherent power to dismiss, but this court has held such power is limited to actions of which it had no jurisdiction. *State ex rel. Hurd* v. *Davis* (1949), 227 Ind. 93, 84 N. E. 2d 181; *Soderling* v. *Standard Oil Co.* (1950), 229 Ind. 47, 53, 95 N. E. 2d 298; F. W. & H. Ind. Tr. & App. Pract., §1301, p. 126.

The facts in the cited case of State ex rel. Hurd v. Davis, *supra,* were strikingly similar to those in the case before us. There the respondent court dismissed relator's petition and cause of action during the September term of court, to-wit, on December 31, 1948, for causes not mentioned in the dismissal statute, as in the case at bar; relator took no action during said term of court, and instituted no proceedings under the inadvertance and surprise statute,[4] and did not appeal from the alleged wrongful dismissal; the lower court's January term began on January 3, 1949, and thereafter,

4. Acts 1941 ch. 72, §1, being §2-1068, Burns' Ind. Statutes (1946 Repl.), *supra.*

on January 7, 1949, relator filed petition for mandate in this court. The lower court was mandated to reinstate the action.

No showing has been made that the lower court.in the case before us had no jurisdiction of the action it dismissed in 1953. Therefore we must assume that the dismissal was without statutory or inherent authority and was wrongful, and the lower court under the authority of *State ex rel. Hurd* v. *Davis, supra,* could have been mandated by this court to reinstate the action, had it not done so. We must therefore conclude the reinstatement of the action by the lower court in 1954 was lawful.

The second dismissal of the action by the court (in 1955) was pursuant to the motion of defendants, Reeves, to dismiss it, and to the motion of another defendant, Lockridge, to dissolve the court order reinstating the action in 1954.

In considering the validity of the second dismissal of the action by the court, it is apparent that such dismissal was similarly not for causes mentioned in the dismissal statute (Burns', §2-901, *supra*), as the only clause providing for dismissal on motion of some of the defendants, is clause four as follows:

"Fourth. . . . on application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence."

Respondent has not contended the dismissal was pursuant to this clause.

If the second dismissal can stand, it, too, must be predicated on the court's inherent power to dismiss, but as previously treated, this is limited to cases over which the lower court had no jurisdiction.

In view of our previous conclusion in this opinion, that the lower court's reinstatement of the first dismissal could have been compelled by mandate of this

court and was lawful, and as the jurisdiction of the lower court has not been successfully challenged, we must hold the lower court had no inherent power to dismiss the action in 1955 on motions of the defendants, Reeves and Lockridge. The dismissal was accordingly without authority and improper, and respondent court in denying relator-plaintiff opportunity to have his case heard on the merits by dismissing the same without legal authority, exercised a power not vested in it by the Constitution of Indiana.[5]

Respondent next asserts that relator has abandoned the cause of action out of which this cause arises, by filing a separate action against allegedly the same ■ defendants after respondent judge dismissed the instant action. It appears the additional action was thereafter dismissed by relator before it filed mandamus proceedings in this court. Nevertheless, even if such action were still pending, respondent's contention would be unavailing as it is well settled that the pendency of another action against the same parties on the same cause is not a proper basis for a motion to dismiss; instead, the question should be raised by plea in abatement, which was not done here. *Lorch* v. *Aultman & Co.* (1881), 75 Ind. 162; *Price* v. *Grose* (1922), 78 Ind. App. 62, 133 N. E. 30. As heretofore indicated, the latter portion of the dismissal statute (§2-901, *supra*) provides:

"In all other cases, upon the trial, the decision must be on the merits."

The plaintiff has a right to be accorded the opportunity to have his cause of action determined on the merits,

---

5. "All courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. . . ." Art. 1, Section 12, Constitution of Indiana.

and such right cannot be prejudiced by the improper dismissal of his action. See: *Keller v. Keller* (1894), 139 Ind. 38, 42 N. E. 337.

It follows in this case that respondent failed to perform a duty enjoined upon it by law, and that relator's petition for mandate is its proper remedy. Acts 1955, ch. 253, §1, p. 647, being §3-2201, Burns' 1946 Repl. (1955 Cum. Supp.) ; *State ex rel. Hurd* v. *Davis* (1949), *supra,* 227 Ind. 93, 84 N. E. 2d 181.

The alternative writ of mandate heretofore issued, ordering and directing respondent to reinstate said cause of action, *Terminix Company of Indiana, Inc.* v. *Georgianna Lockridge et al.,* No. 18,586, as a pending cause in the Fulton Circuit Court, etc., is accordingly made permanent.

Bobbitt, C. J., and Arterburn and Achor, JJ., concur.

Emmert, J., not participating.

NOTE.—Reported in 132 N. E. 2d 707.