May Term, 1855.

MERRILL
v.
WILSON.

*D. C. Chipman* and *J. W. Gordon*, for the state.

---

MERRILL *v.* WILSON.

If an agent in dealing with a third person does not disclose his agency, he will be held liable as a principal.

ERROR to the *Marion* Court of Common Pleas.

GOOKINS, J.—This cause originated before a justice of the peace, where *Wilson*, the plaintiff below, had judgment, from which *Merrill* appealed. Trial by the Court, finding for the plaintiff, motion for a new trial overruled, and judgment.

May Term,
1855.

MERRILL
v.
WILSON.

Tuesday,
June 12.

The record contains all the evidence, from which it appears that a subscription had been taken for the purpose of building a house for Mrs. *Olive*, a widow, whose husband had been killed on the *Madison* and *Indianapolis* railroad; that *Merrill* was the active man in collecting the subscription, and in disbursing it in the erection of the house. On the 15th of *May*, 1848, he sent the following order to the plaintiff, who had a saw-mill on the railroad, near *Edinburgh*, in *Johnson* county: "*A. Wilson:* Please furnish for Mrs. *Olive* six oak posts;" and on the 20th of *May*, the lumber not having arrived, he wrote to the plaintiff as follows: "Mr. *Wilson:* If you possibly can, please send up the bill of lumber for the widow on *Monday*, as I wish to have her house commenced immediately. You may add, if you please, what will make two sills thirty feet each, and two end sills fifteen feet each; also, two plates thirty feet long. *May* 20. Yours, *S. Merrill.*" The lumber soon after arrived, and was applied to the use for which it was ordered. It came loaded on a car, with other lumber of *Wilson*, on which freight was charged; but no freight was paid on that which was designed for Mrs. *Olive's* house.

The plaintiff in error insists that this evidence shows that the lumber was ordered for Mrs. *Olive*, and not for himself; but we do not think so. It is true the first order requests *Wilson* to furnish a portion of the lumber "for Mrs. *Olive*." It is very commonly the case that an order for goods shows that they are designed for some other person than the drawer. An agent must disclose his agency to the person with whom he deals, otherwise he will be held liable as a principal. Possibly it may be inferred from the language of the orders, that *Wilson* had some knowledge of the benevolent object in which *Merrill* was

engaged, but there is nothing to justify the inference that he was expected to furnish the lumber as a gratuity, nor that he gave credit to any other person than *Merrill* for it. The fact that the lumber was carried free of charge shows that the railroad company contributed to the object, but does not strengthen the defence.

The judgment, however, must be reversed. The plaintiff offered no proof of the value of the lumber.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. L. Ketcham*, for the plaintiff.