## POLK v. HAWORTH.

[No. 7,258. Filed June 7, 1911.]

1. PRINCIPAL AND AGENT.—*Failing to Disclose Relationship.—Liability.—Railroads.*—An agent who contracts as an individual and who fails to disclose that he is the agent of a railway company, is liable as a principal. p. 34.

2. PRINCIPAL AND AGENT.—*Contracts.—Railroads.—Interrogatories.—Instructions.*—In an action by a landowner against defendant on his contract to pay any damages caused by the construction of an interurban railroad through her land, interrogatories as to who constructed the railroad, and instructions drawn upon the theory that defendant was merely an officer of the company and would not be personally liable, are properly refused, the jury having been instructed that the plaintiff could not recover unless she proved that defendant executed the contract in his individual capacity. p. 35.

3. EMINENT DOMAIN.—*Railroads.—Damages.—Life Estates.—Remainders.—Instructions.*—In condemning land for a railroad right of way, both the owner of the life estate and the owner of the remainder in fee simple are entitled to damages; and an instruction in an action by the owner of the life estate, that she was not entitled to recover, was properly refused. p. 36.

4. APPEAL.—*Harmless Error.*—*Admission of Improper Evidence.*— The admission of improper evidence over objection is harmless, where other uncontradicted evidence of the same character was introduced without objection. p. 36.

From Johnson Circuit Court; *William A. Johnson,* Special Judge.

Action by Nancy J. Haworth against James T. Polk. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*L. E. Slack,* for appellant.
*Douglas Dobbins* and *E. A. McAlpin,* for appellee.

IBACH, J.—Appellee, in her complaint, alleged in substance that in 1902 she entered into a contract with appellant, by the terms of which she agreed to permit him and others whom he might authorize, to enter upon her premises and make a railroad cut and grade in front of her residence; that, as a part of said agreement, appellant agreed to pay appellee all damages her property might sustain by the construction of such cut and grade; that thereafter appellant, with teams and laborers, entered upon said premises and constructed such cut and grade. The damages to her property are described in detail, and are alleged to have amounted to $2,000, for which amount she asked judgment.

After the overruling of a demurrer for want of facts, the case was put at issue by answer in general denial. A jury trial resulted in a verdict of $400 for appellee, appellant's motion for a new trial was overruled, and judgment was rendered on the verdict, from which judgment this appeal is prosecuted.

The errors relied upon for reversal arise upon the overruling of the motion for a new trial, and present three contentions: (1) That the contract was made with and the work done by the Indianapolis, Greenwood and Shelbyville Railway Company, of which appellant is but an officer, and

therefore not personally liable; (2) that appellee was not the owner in fee simple of the premises damaged, and therefore could not recover; (3) that certain evidence was wrongfully admitted.

Appellant claims that the evidence does not establish the allegations of the complaint, and does not show that

1. he made an individual contract with appellee, but rather that appellee made the agreement with the railway company through its officers.

If appellant at the time of making the agreement with appellee was acting merely as agent of the interurban railway company, it was his duty, in order to avoid personal liability, to declare to appellee the fact of his agency. Failing to do so, he took upon himself all the liabilities, either express or implied, created by the contract, exactly in the same manner as if he were the principal in interest. *Merrill* v. *Wilson* (1885), 6 Ind. 426; 1 Am. and Eng. Ency. Law (2d ed) 1122; Reinhard, Agency §303.

In the present case there is evidence that appellant made the contract sued on; that if he made it as agent he did not disclose his agency; and there is no evidence that appellee knew of any agency of appellant at the time the agreement was made. It may not have been intentional on the part of appellant to bind himself to the payment of damages to appellee, but failing to inform her of his agency, and she having no actual knowledge of that fact, under the well-known rule of law, he cannot now escape liability and be relieved of the burden of his own contract by claiming that he was in fact acting for the railway corporation. If he had made known such fact to appellee she might not have entered into such a contract with the railroad company; as, for example, she might have been willing to accept appellant for the performance of such contract, knowing him to be responsible, while she would not have been willing to enter into a similar contract with the railroad company, not being acquainted

with its financial responsibility. The evidence sufficiently bears out the allegations of the complaint.

Appellant asked that certain interrogatories be propounded to the jury, which proceed on the theory that appellant is not liable if the work was done by the railway company and under its orders. They were rightly refused, as under the allegations of the complaint it is immaterial who did the work, so long as it was authorized by appellant. And if all the interrogatories presented had been answered in the affirmative, these answers would not have availed appellant, as the fact would still remain fully proved that the agreement sued on was made personally with appellant and in his individual capacity, and not as agent for any one, so that it mattered not who performed the actual labor contemplated in the agreement made with appellee.

Error is also assigned in refusing to give certain instruction requested by appellant. The condition of the record is not entirely satisfactory, but we should be unduly technical to hold that the instructions were not in the record, and were not to be considered.

Certain of these proceed upon the same theory upon which the interrogatories were drawn—that the work was done by the railway company, of which appellant was but an officer. For reasons already given, these were rightly refused, and for the further reason that the court had already instructed the jury that plaintiff could not recover unless she proved that appellant made and entered into the contract with her in his individual capacity.

Instruction two, requested by appellant, was wrong, and was therefore properly refused. If given, the court would have told the jury that appellee could not recover any damages unless she owned in fee simple the real estate damaged.

The owner of a life estate, as well as the remainderman,

is entitled to damages for injuries done to his estate. The same act may be injurious to both, and they are entitled to recover in separate actions for their several damages, the holder of the life estate for damages on account of loss to the present enjoyment of the estate, and the remainderman for the more permanent injury to the property. The amount of loss sustained might not be the same, but the legal right to redress is the same.

It will be observed that appellee did not aver the nature of her title to the land in question, and the cause proceeded to trial without requiring the nature of her title to be disclosed. And although counsel in his brief claims that the proof shows only a life estate in appellee, yet the instruction would have been erroneous, because it would tend to deprive her of all relief for injuries she might have suffered to her use, possession and enjoyment of the land.

Error is assigned in the admission of certain evidence; but whether properly admitted or not, the error is not available, since other uncontradicted evidence of the same character and to the same effect was introduced without objection.

No error appearing in the record, the judgment is affirmed.