## C. CALLAHAN COMPANY v. DAHM ET AL.

[No. 11,001.    Filed October 26, 1921.]

1. EVIDENCE.—*Contents of Lost Bank Checks.—Secondary Evidence.—Admissibility.—Diligence.—Sufficiency of Showing.*—In an action on a promissory note, evidence of loss of bank checks claimed to have been given in payment of note and a showing as to diligence in attempting to find them *held* sufficient to warrant the admission of oral testimony as to the contents of such checks.    p. 493.

2. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*—Error, if any, in admitting oral testimony as to the contents of bank checks, claimed to have been lost, was harmless, where another witness, had been previously permitted without objection to testify as to the contents of such checks.    p. 493.

From Tippecanoe Circuit Court; *James L. Caldwell,* Judg

Action by the C. Callahan Company against George E. Dahm and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Edgar D. Randolph* and *Charles R. Milford,* for appellant.

*George P. Haywood* and *Joseph B. Ross,* for appellees.

NICHOLS, P. J.—Action by appellant against appellee to recover the amount alleged to be due upon a certain $800 promissory note.

The only error presented is the action of the court in permitting a witness for appellee to give oral testimony as to the contents and as to the description of certain bank checks, which the witness claimed showed payment on the note in suit; the objection to such testimony being that the checks themselves were the best evidence and that no diligence was shown to produce them. The note was dated September 22, 1910. Two witnesses for appellee testified that Jos. B. Callahan, treasurer, who had charge of said note, admitted, November 7, 1911, that appellant had received payments upon said note more than sufficient to pay it. No suit was brought thereon until more than four years thereafter, and then appellant waited three and one-half years before making any further effort to advance the cause upon the trial docket. In the meantime the person who had the possession of the checks involved died, and before the trial his administrator, upon request, searched for them but failed to find them. Under such circumstances, the court committed no error in permitting oral testimony as to the contents of the checks. *Ohio Thresher & Engine Co.* v. *Hensel* (1893), 9 Ind. App. 328, 36 N. E. 716; *Lumbert* v. *Woodard* (1896), 144 Ind. 335, 43 N. E. 302; Wigmore, Evidence §§1194, 1196.

But even if such action of the court had been error, it was harmless, for another witness, prior to the objectionable testimony, was permitted without objection to testify as to the contents of the checks. *Wright* v. *Gaff* (1855), 6 Ind. 416; *Polk* v. *Haworth* (1911), 48 Ind. App. 32, 95 N. E. 332. Further, appellee's said witness Callahan testified that

the note involved had been paid in full, using the following language with reference to the $800 note: "We accepted the full payment on the $800."

The judgment is affirmed.