## PRICE v. GROSE.

[No. 11,000. Filed November 30, 1921. Rehearing denied February 15, 1922. Transfer denied March 17, 1922.]

1. NUISANCE.—*Abatement.*—*Owner of Life Estate in Lands.*— *Right to Relief.*—Under §291 et seq. Burns 1914, §289 et seq. R. S. 1881, the owner of life estate in lands may maintain an action to abate a nuisance and to recover damages resulting therefrom. p. 63.

2. ABATEMENT AND REVIVAL.—*Plea in Abatement.*—*Pendency of Another Action.*—That another action for the same cause is pending between the parties should be presented by a plea in abatement. p. 63.

3. NUISANCE.—*Licensed Fertilizer Plant.*—*Relief against as a Nuisance.*—*Statutes.*—Although the state veterinarian, under §3299a et seq. Burns 1914, Acts 1913 p. 291, is charged with certain administrative duties on behalf of the state with reference to fertilizer plants, he has no judicial power, and is not authorized to determine the rights of· citizens as affected by such plants, and the granting of a license to erect and operate a fertilizer plant does not give immunity to an institution that is in fact a nuisance, nor does it hamper the courts in determining and enforcing the rights of a citizen with respect thereto, if such plant be in fact a nuisance. p. 64.

From Miami Circuit Court; *Francis E. Bowser,* Special Judge.

Action by Lucinda Grose against Louis Price. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Meade S. Hays, Russell Wildman* and *A. W. Matt,* for appellant.

*Harvey Cole, Strickler & Messick, James W. Noel* and *Hubert Hickam,* for appellee.

DAUSMAN, C. J.—This action was instituted by Mrs. Grose to abate an alleged nuisance and . to recover damages resulting therefrom. It appears that the appellee is the owner of a life estate in a farm; that the appellant owns a four-acre tract adjacent to her farm, on which he maintains a plant for the production of

fertilizer from the bodies of dead animals; and that he permitted the drainage from his plant to flow upon her farm, thereby saturating the soil with animal matter, causing a vile and nauseating odor, interfering with the enjoyment of the dwelling house on the farm, depreciating the rental value, and otherwise injuring her property. The court gave her judgment for damages in the sum of $50 and granted injunctive relief as follows:

"It is further ordered, adjudged, and decreed by the court that the defendant Louis Price be permanently enjoined from operating said plant in such a manner as to cause and permit said offensive nauseating and sickening odor and stench to escape therefrom; and that he be further enjoined from operating said plant without proper and sufficient drainage and from causing and permitting the drainage and sewage arising from the operation of said plant to flow over and across or, upon any portion of the surface of plaintiff's said land or any part thereof."

The appellant contends: (1) That the Mrs. Grose cannot maintain this action because she is not the owner of a fee-simple title to the farm; and (2) that the trial court was without jurisdiction for the reason that there was another action pending, and for the further reason that the legislature has put the supervision and control of such fertilizer plants in the hands of the state veterinarian. Neither contention can be sustained. Under our statute the appellee has the right to maintain her action. §291 *et seq.* Burns 1914, §289 *et seq.* R. S. 1881. See *Pere Marquette R. Co.* v. *Chadwick* (1917), 65 Ind. App. 95, 115 N. E. 678. If there was another action for the same cause pending between the parties, that fact should have been presented by a plea in abatement. *Paxton, Rec.,* v. *Vincennes, etc., Co.* (1898), 20 Ind. App. 253, 50 N. E. 583.

The state veterinarian is an administrative officer and

is charged with certain administrative duties on behalf of the state with reference to fertilizer plants.

3. §3299a *et seq.* Burns 1914, Acts 1913 p. 291. But he has no judicial power and is not authorized to determine the rights of citizens as affected by such plants. Moreover, the granting of a license to erect and operate a fertilizer plant, pursuant to said legislation, does not give immunity to an institution that is in fact a nuisance; nor does it hamper the courts in determining and enforcing the rights of a citizen with respect thereto, if such a plant should be or become in fact a nuisance. See *Taylor* v. *Baltimore* (1917), 130 Md. 133, 99 Atl. 900, L. R. A. 1917C 1046.

Judgment affirmed.