CHRYSLER CORPORATION *v.* BOLSER ET AL.

[No. 15,045. Filed March 11, 1936. Rehearing denied May 14, 1936. Transfer denied July 1, 1936.]

*Scotten & Hinshaw* and *Charles L. Tindall,* for appellant.

*Barnard & Benson,* for appellees.

WIECKING, J.—This was an action below by appellees Lois Bolser and Bartlett Williams against appellant, Chrysler Corporation, to recover the value of certain live stock alleged to have been killed by drinking from a stream of water said to have been contaminated and polluted by cyanide and other poisonous substances allowed to escape therein by the agents and employees of

the appellant. The complaint was in two paragraphs, the first of which alleged in substance that the defendant was engaged in operating an automobile plant in the city of Newcastle, Indiana, on the 1st day of November, 1929; that the plaintiffs were the owners of certain live stock, to wit: three heifers and four calves which were being pastured on the plaintiff Bolser's farm near said city through which said lands there was a flowing stream of pure water; that on said day the defendant in the operation of said plant was using certain poisonous chemicals and that the agents and· employees of defendant carelessly and negligently allowed said cyanide and other substances to escape and run into certain drains and sewers which connected with and carried the same into the stream; that said animals drank water from said stream and as a result thereof died, for which plaintiff demands damages.

The allegations of the second paragraph of complaint are substantially the same except in the amount of damages prayed for and that the loss occurred on the 15th day of November, 1929. Appellant filed a general denial which formed the issues. The cause was tried before a jury which returned separate verdicts in favor of the appellees on each paragraph of complaint and the court rendered judgment thereon in favor of the appellees.

The only error relied upon for reversal is the overruling of appellant's motion for a new trial. The appellant sets out eleven specifications of which only four are presented. The specifications not discussed or presented are considered waived under Rule 21 of this court.

The four points discussed under the errors assigned relate to the admissibility of certain evidence. Under the first assignment the appellant contends that the court erred in permitting Parks, a representative of the State Board of Health, to testify

regarding a conversation he had in August, 1930, with a Mr. Lockhart, an employee in the capacity of Plant Engineer of the appellant regarding the drains and sewers, the objections to this testimony being that the statements made by Lockhart were not within the scope of his employment and that his statements related to a condition existing subsequent to the time it is alleged that appellees' damages took place. The question as to what is within the scope of the employment of an agent is a question of fact and for the purpose of determining this fact all the actions and dealing of said agent are competent. In testifying as a witness for appellant, Lockhart said that his duties as Plant Engineer took in practically all maintenance work of the entire factory; also that he had built part of the plant and knew about the drainage system from that. Further, that he was familiar with the drains in 1928 and 1929. It is apparent, therefore, that the question as to the grades of sewers in appellant's plant were matters in charge of Lockhart and within the scope of his employment. *Jasper Co. Farm Co.* v. *Holden* (1923), 79 Ind. App. 214, 137 N. E. 618.

It is appellant's contention that no officer, however high in authority, may bind his principal by relating past occurrences not connected with the performance of any duty then being performed and cites numerous authorities to this effect. However, the case at bar is distinguishable from the cases cited in that there is evidence to the effect that Lockhart was acting in the same capacity in 1928 and 1929 as he did at the time of which he testified; that he built part of the plant and was familiar with the drainage system. His testimony related to specific facts as they existed in 1928 and 1929 and at the time he testified and of which he had knowledge.

Whether such evidence was improperly admitted or

not, its admission was harmless because the fact which it tended to prove was established by other competent and undisputed testimony and the exclusion of this evidence would not have changed the result. *The Indianapolis, Peru and Chicago Railway Co.* v. *Anthony* (1873), 43 Ind. 183; *Polk* v. *Haworth* (1911), 48 Ind. App. 32, 95 N. E. 332; *C. Callahan Co.* v. *Dahm* (1921), 76 Ind. App. 492, 132 N. E. 599.

There is additional uncontradicted evidence to show that the sewers emptied into the creek that ran through the Bolser farm and that certain tests were made by pouring a dye solution into the sewer at the appellant's plant and later tracing it in the stream that ran through appellee's farm.

Inasmuch as the remaining three causes of motion for new trial are materially the same as the first assignment herein discussed, they will be governed by the same rule.

Appellant presents a question of error in admitting certain conversations in evidence, which conversations we think were properly admitted. The evidence is such as to convince us that the cause should be affirmed on the theory that a correct result has been reached.

Judgment affirmed.