Paul M. RHODES, Appellant,

v.

RITZ CAMERA CENTERS, a body corporate, Appellee.

No. 2331.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 2, 1959.

Decided May 28, 1959.

John Joseph Leahy, Washington, D. C., for appellant.

William J. Donnelly, Jr., Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

This is an action for breach of contract instituted by appellant to recover damages for the loss of a roll of photographic film, consisting of twelve exposures, delivered by him to appellee to be developed and printed. It is conceded that appellee received the film for the stated purpose and failed to return it. After trial by the court, appellant was awarded a judgment only for the amount paid by him to appellee for

developing and processing the film and for its cost to him. The sole question involved in this appeal is whether the court applied the proper rule as to the measure of damages.

The facts as set forth in the statement of proceedings and evidence are as follows:[1] Appellant is a lawyer specializing in government contract work and uses his photography as a method of business recruitment; while traveling through some of the Scandinavian countries he took pictures of certain prominent persons and, as well, of native families in their homes and of the scenery of those countries; many of the photographs were made by appellant on this trip as a part of "his practice of enlarging his circle of acquaintances in the promotion of his specialized service"; the film in question was one of fifteen rolls taken on the trip all of which were delivered to appellee for processing and, with the exception of the one in question, were returned to him. No evidence was introduced as to monetary loss to appellant except as to the cost of the film and processing charges (for which he obtained judgment) other than his testimony as to the round trip fare from this District to the countries where the missing pictures were taken, in case he desired to retake the photographs.

The court found that his claim as to the value of the film to him for the use he intended to make of the photographs, namely, "for the purpose of business recruitment" was too speculative and that his damages should be limited to the cost of the film and the processing charges. We find no error in this ruling.

 It is true that in a situation such as this appellant would not necessarily be limited to the market value of the film but should be permitted to show its actual value to him. However, he has the burden

of proving that he has been damaged and the amount of such damage; he definitely did not meet this burden. His only contention was that the photographs were of some value to him in connection with his practice as a lawyer specializing in government contract work; however, he made no showing as to how he was damaged or in what amount. We do not think this is a proper criterion upon which damages may be measured.

Affirmed.

1. Counsel for appellant in his brief makes several references to the deposition of his client taken by counsel for appellee; inasmuch as no part of the deposition

was admitted in evidence, it is not a part of the record and consequently cannot be considered by us.