SMITH *v.* GLESING.

[No. 1268A213. Filed June 20, 1969. No petition for rehearing filed.]

*J. C. Burris, Fulmer, Burris & Byrum,* of Indianapolis, for appellant.

*John M. Heeter,* of Indianapolis, for appellee.

SHARP, J.—This action was filed by the Plaintiff-Appellee, Frances Glesing, on July 21, 1967. The essential allegations of her complaint are:

"1. That at all times mentioned herein, she was and is the owner of a life estate in the real estate located at 801 Coffey Street, Indianapolis, Indiana, and that as such owner of said life estate is charged with the preservation and maintenance of the subject premises.

"2. That on or about the 14th day of April, 1967, the defendant operated a certain 1959 Mercury automobile into and against the home improvements located on the real estate at the aforementioned address with great force and violence.

"3. That the aforementioned collision was the direct and proximate result of the following careless and negligent acts on the part of the defendant as follows:

    (a) The defendant operated her said automobile with defective brakes.

    (b) The defendant omitted and neglected to keep a lookout for the plaintiff's property.

    (c) The defendant operated her said vehicle at a high and unreasonable rate of speed under the circumstances, to-wit: 35 miles per hour.

"4. That as a direct and proximate result of the foregoing careless and negligent acts on the part of the defendant, the home of the plaintiff located at 801 Coffey Street, Indianapolis, Indiana, was struck and damaged as follows:

    (a) The concrete front porch thereon was demolished.

    (b) Was knocked several inches off the foundation.

    (c) The front side and the back wall were knocked out of line.

    (d) The plaster in the living room, bedroom and kitchen was cracked requiring replacement.

    (e) Paint damage to exterior and interior of house.

    (f) The brick and cement block foundation was damaged.

"5. That the fair cash market value of the subject house immediately before said collision was $5,500.00 and immediately after said collision $1,500.00."

The Appellant filed answer in denial and without information under Supreme Court Rule 1-3. This case was tried by the court without a jury and resulted in a judgment of $2000.00 for the Appellee. Appellant filed Motion for a New Trial which was overruled, which ruling is the sole assignment of error here.

The grounds in the Motion for a New Trial urged on appeal are:

(a) The amount of damages assessed is too large.
(b) The decision is not sustained by sufficient evidence.
(c) The decision is contrary to law.
(d) Error in overruling Appellant's Motion for Judgment at the close of Appellee's evidence.

All of the evidence except for one expert witness was submitted by the Appellee. The Appellant was called as the first witness by the Appellee and testified that she was the operator of an automobile which crashed into the house located at 801 Coffey Street, Indianapolis, Indiana, on the 14th day of April, 1967. She explained that she had to detour and come to a railroad crossing, stopped, then crossed the track and put her foot on the accelerator to go ahead, at which time her automobile gained speed. She stated that the brakes did not hold when she applied them. The following questions and answers are pertinent:

"Q. You mean the brakes failed? It was a brake failure and not the accelerator sticking is that—
"A. I don't know which it was.
"Q. Oh I see.
"A. It was a mechanical failure of some kind which I do not know."

Prior to striking the house in question she hit a fence across the corner. She identified a newspaper photograph showing her automobile and the house immediately after the collision. The photograph showed the relevant position of the automobile and the house together with some of the damage done to it by the collision. She further gave testimony on cross-examination by her own attorney as follows:

"Q. Did your car slow down?
"A. No it didn't.
"Q. What if anything did you do in an attempt to slow your car down?

"A. Well I tried to slow it down but I didn't have any success with anything, the emergency or anything, and it was traveling at a high rate of speed that when you turned the key off it went on and hit before it could stop or slow down of course.

"Q. Did you turn the key off before?

"A. No.

"Q. Did you apply your brakes?

"A. Yes.

"Q. What happened to the brake pedal?

"A. It just didn't do any good.

"Q. Didn't do any good at all did it?

"A. No.

"Q. When was the last time that these brakes had been worked on?

"A. That morning.

"Q. At about what time that morning?

"A. Well it must have been around 9:30 or 10 o'clock, something like that. I was on my way up here and I stopped at the garage where I have my work done."

In all there were nine photographs introduced into evidence without objection which portrayed the damage to the house. The house was moved approximately four inches off its foundation by the impact. In addition the plaster on the interior of the house had been cracked in at least two of the rooms. There was other damage to the house. The house was occupied by tenants who rented the same from the Appellee and the tenants moved out approximately two or three months after the collision and the house was vacant thereafter. There was testimony that it was not in rentable condition after the collision. There was expert testimony that the house could have been repaired for less than its reasonable market value. The fair rental value of the property was a gross of $70.00 per month and it was vacant for a period of approximately one year after the collision. There was expert testimony on behalf of the Appellee that the restoration cost would be approximately $2500.00. The net rental income from the property

was approximately $35.00 per month. The only testimony offered by the Appellee at the trial related to the cost to repair the house was given by Mr. Miller, a general contractor specializing in repairs. He presented detailed description of the damages to the house and there was introduced an estimate of $1519.00 for the repair and restoration of the house. He also testified that material and labor costs had advanced approximately ten per cent between the time of the collision and the time of the trial.

The Appellant urges that the trial court erred in overruling the Appellant's Motion for Judgment or Finding made at the close of the Appellee's case. In this regard the trial court sitting without a jury is in precisely the same position as a trial court sitting with a jury in regard to a Motion for Directed Verdict made at the close of the Plaintiff's case. See *Berry* v. *State Bank of Otterbein,* 99 Ind. App. 655, 193 N. E. 922 (1935) and *Cooper* v. *Huntington County Community School Corp.,* 249 Ind. 653, 232 N. E. 2d 887 (1968).

The relevant standard to guide a trial court in the direction of a verdict for a defendant at the close of the plaintiff's case was set forth by this court in *Layman* v. *Hall Omar Baking Co.,* 138 Ind. App. 673, 675, 213 N. E. 2d 725, 727 (1966), where this court stated:

"Unless there appears to be a total lack or failure of substantial evidence and the reasonable inferences therefrom of probative value upon at least one essential element of the plaintiff's case, the court should not give a peremptory instruction for a directed verdict."

See also, *Hollowell* v. *Greenfield,* 142 Ind. App. 344, 216 N. E. 2d 537 (1966) and *Coleman* v. *DeMoss,* 144 Ind. App. 408, 246 N. E. 2d 483 (1969).

In *Indiana Union Traction Co.* v. *Keiter,* 175 Ind. 268, 274, 92 N. E. 982, 984 (1910), our Supreme Court stated:

"The fact that the evidence in the case on some particular and material issue appears to be weak or unsatisfactory is

not alone sufficient to warrant this court in disturbing the judgment."

In *Valcan Corp.* v. *M. T. Sparks, Inc.*, 143 Ind. App. 543, 241 N. E. 2d 862, 865 (1968) this court stated:

"It is a general rule of law in our state that on appeal all reasonable presumptions are induced in favor of the rulings and judgments of the trial court.

"It is therefore our position that we are not authorized to weigh conflicting evidence as requested by the appellants but only to determine if there is any evidence to support the decision and judgment of the trial court."

In *Whitaker, Admr.* v. *Borntrager,* 233 Ind. 678, 680, 122 N. E. 2d 734, our Supreme Court stated:

"A single question is presented by this appeal. That question is: Did the trial court err in sustaining a motion for a peremptory instruction in favor of the defendant, at the close of plaintiff's evidence? If that action was error the cause should be reversed. Otherwise it should be affirmed. When may a trial court properly give the trial jury a peremptory instruction to find for the defendant? The answer seems to be:

" 'When there is a total absence of evidence or legitimate inference in favor of the plaintiff upon an essential issue; or where the evidence is without conflict and is susceptible of but one inference and that inference is in favor of the defendant.

" 'When there is some evidence or legitimate inference supporting each material allegation of the complaint, the court will not weigh the conflicting evidence or inferences but will consider only the evidence and inferences that are most favorable to the party against whom the motion for a peremptory verdict is directed.'

"In determining whether a peremptory instruction should be given the court must accept as true all facts which the evidence tends to prove and draw, against the party requesting such instruction, all inferences which the jury might reasonably draw. *Orey* v. *Mutual Life Insurance Company of New York* (1939), 215 Ind. 305, 306, 19 N. E. 2d 547; *Holtz* v. *Elgin, etc., Ry. Co.* (1951), 121 Ind. App. 175, 98 N. E. 2d 245; *Chacker* v. *Marcus* (1949), 119 Ind. App. 672, 674, 86 N. E. 2d 708, 89 N. E. 2d 455; *Balzer* v. *Waring*

(1911), 176 Ind. 585, 594, 95 N. E. 257, 48 L. R. A., N. S. 834."

On the issue of the Defendant's negligence under the specifications related to defective brakes, the provisions of Burns' Ind. Stat. Ann., § 47-2201(a) relating to equipment and Burns' Ind. Stat. Ann., § 47-2228 relating to the maintenance of brakes have an application. *Ewing* v. *Biddle*, 141 Ind. App. 25, 216 N. E. 2d 863 (1966), is authority by which the trial court could have determined whether or not the Appellant violated the above statutes. If she did, the legal consequences of such was set forth by our Supreme Court in *Davison* v. *Williams*, 142 Ind. 402, 242 N. E. 2d 101 (1968), at page 105:

> "We believe that the wisest course for the courts of Indiana to take in adjudication of a suit involving negligence by a violation of a safety regulation is to treat plaintiff's proof of defendant's violation of the safety regulation as creating a rebuttable presumption of negligence."

The evidence was sufficient to raise a rebuttable presumption of negligence for violation of the cited sections of the statute.

Under the evidence of Appellant relating to brake failure, the trial court could have determined that Appellant violated the above cited statutes regarding maintenance of equipment and brakes which involved a rebuttable presumption of negligence. The trial court could also have found that such presumption was not rebutted by the Appellant.

The trial court could have determined that the defendant neglected to keep an outlook for the Plaintiff's property by failing to keep her car in the street since there is no evidence disclosing any excuse or necessity for her leaving the street. See *American Carloading Corporation* v. *Gary Trust and Savings Bank*, 216 Ind. 649, 25 N. E. 2d 777 (1940).

The trial court could also have determined from the Plaintiff's own testimony and from the fact that the house was

moved four inches on its foundation that the Appellant's speed was unreasonably high under the circumstances. See *Rentschler* v. *Hall,* 117 Ind. App. 255, 69 N. E. 2d 619 (1946).

If several grounds of negligence are pleaded, as was the case here, it is elementary that a judgment will be sustained if one of the grounds is established by the evidence. *Knickerbocker Ice Co.* v. *Gray,* 171 Ind. 395, 84 N. E. 341 (1908).

It is our opinion that the record in this case discloses sufficient evidence to warrant the trial court in overruling the Appellant-Defendant's Motion for a Finding or Judgment at the close of the Appellee-Plaintiff's case.

The next issue for our consideration is the nature and extent of the cause of action of a life tenant for damages sustained by the negligence of the third party. Apparently this question has not been ruled upon many times in this jurisdiction or in others. In *Ohio & M. Ry. Co.* v. *Trapp,* 4 Ind. App. 69, 30 N. E. 812 (1892), this court rejected the early common law view that a life tenant in possession might recover against a third party for the entire injury of the realty and held that the action of the life tenant was for the harm he had suffered to his possessory interest only. Later in *Polk* v. *Haworth,* 48 Ind. App. 32, 35, 95 N. E. 332, 333 (1911), this court set forth the following rules:

> "The owner of a life estate, as well as the remainderman, is entitled to damages for injuries to his estate. The same act may be injurious to both and they are entitled to recover in separate actions for their several damages, the holder of a life estate for damages on account of loss of the present enjoyment of the estate, and the remainderman for the more permanent injury to the property. The amount of the loss sustained might not be the same, but the legal right to redress is the same."

This Court has held that the life tenant could maintain an action for nuisance. See *Price* v. *Grose,* 78 Ind. App. 62, 133 N. E. 30 (1921).

The cases on this subject are collected in 49 A. L. R. 2d 1117, Life Tenants Right of Action for Injury or Damage to Property.

The general rule laid down in *Polk* v. *Haworth, supra,* should be considered in the light of the statement of this court in *General Outdoor Advertising Co.* v. *LaSalle Realty Corp.,* 141 Ind. App. 247, 218 N. E. 2d 141, 150 (1966):

> ". . . we must conclude that in cases of injury to real estate or that which has no value separate and apart from the real estate, the proper measure of damages is as follows: (1) if the injury is permanent, the measure of damages is the market value of the real estate before the injury, less the market value after the injury; (2) if the injury to real estate is not permanent, then the measure of damages is the cost of restoration. . . ."

There is evidence from which the trial court could have determined within the rule of *Polk* v. *Haworth, supra,* that the damages suffered and sustained by the Appellee life tenant constituted loss of the present enjoyment of the real estate and were recoverable. There is also evidence from which the trial court could have determined within the rule quoted in *General Outdoor Adv. Co.* v. *LaSalle Realty Corp.; supra,* that the injury to real estate in question was not permanent and therefore the measure of damages was the cost of restoration. The evidence on the cost of restoration ranged to a low of $1519.00 (Appellant's expert) to a high of $2500.00 (Appellee's expert). We do not agree with the Appellant that the rule set forth in *Polk* v. *Haworth, supra,* as to the life tenant's loss of present enjoyment or possession of the real estate is limited to the loss of rental income, although loss of rental income is still an element of damages of such loss. The restoration cost for non permanent damage within the rule announced in *General Outdoor Adv. Co.* v. *LaSalle Realty Corp., supra,* may also be considered as an element of the loss of the life tenant to the present enjoyment and possession of the real estate.

What we have said with reference to the right of action of the life tenant relates directly to a determination of whether the assessment of damages in this case was too large. ▪ The computation of damages if supported by evidence in the record is strictly a matter within the trial court's sound discretion. See *Valcan Corp.* v. *M. T. Sparks, Inc., supra.* The assessment of the amount of damages as $2000.00 in this case does not, therefore, constitute reversible error.

We find no reversible error in the record of this case. Therefore, the judgment of the trial court should be and is affirmed.

Judgment affirmed. Costs v. Appellant.

Pfaff, C.J., Hoffman and White, JJ., concur.

NOTE.—Reported in 248 N. E. 2d 366.